*135
 
 Matthias, J.
 

 In the original action in the court of common pleas, the plaintiff charged specific acts of negligence upon the part of the railway company, to wit, stopping its car and permitting the plaintiff to alight at a point between regular stopping places, and failing to warn plaintiff of the approach of automobiles. The plaintiff charged the defendant Doctorvitz with separate and distinct acts of negligence, to wit, operating her automobile at an unlawful rate of speed past a standing street car without giving warning of her approach, and failing to maintain proper control of her automobile so as to avoid striking a passenger alighting from such street car. She then charged that as a direct, proximate, and sole result of the carelessness, negligence, and inattention of the defendants, she was injured, and she prayed judgment against the defendants. It is to be observed that the plaintiff does not charge the defendants as joint wrongdoers, but does charge that each was guilty of separate and distinct acts of negligence, which concurred and thus caused the injury on account of which she seeks to recover damages.
 

 The docket and journal entries presenting the question for decision are as follows:
 

 “September 28,1926. To Court: The motion for a new trial by the defendant, The Cleveland Railway Company, sustained. Plaintiff excepts and reserves all rights. Verdict and judgment as against the Cleveland Railway Company set aside. Motion by the defendant Jennie Doctorvitz overruled. Remittitur of $4,775.00 granted, and judgment entered on the verdict against the defendant Jennie Doctorvitz for $1,725.00.”
 

 ‘ ‘ September 28,1926: The judgment in the within
 
 *136
 
 case having been satisfied, the same is hereby can-celled and discharged as to Jennie Doctorvitz only. Received of Jennie Doctorvitz $1,725.00 in full satisfaction of judgment against her, but it is not intended as a release of any claim against The Cleveland Railway Company, and all rights against said company are reserved.
 

 “[Signed] Lillian Nickel, by her father and guardian, Albert Nickel.”
 

 The verdict returned was a joint verdict against the two defendants. The jury therefore found that the injury was the result of the acts of negligence of both the defendants, and also found that for the damages sustained by the plaintiff, as a result of her injury, she was entitled to compensation in the sum of $6,500. The trial court reduced the amount to $1,725. That amount having been promptly paid by the defendant Doctorvitz, and there being no objection or exception by either party, we have nothing to do with the subject of remittitur. The question of law here presented is precisely the same as if the judgment had been rendered for the full amount, and that amount had been paid by the one defendant and receipted for by the plaintiff. Therefore our question may be thus stated: Whether, when a plaintiff prosecutes an action to recover damages for injuries claimed to have resulted from a single accident, although caused by separate negligent acts of two defendants, and the amount of damages resulting from her injury has been determined by the jury, and the judgment for said amount has been paid to the plaintiff by one of the defendants, the plaintiff may further prosecute her action for damages for her injuries against the other defendant.
 

 
 *137
 
 The plaintiff elected to sue both defendants in the one action. She sought to procure a total award of damages against both defendants for the injury sustained. The amount necessary to fully compensate her was found and determined, and it was duly paid and receipted for. What further possible damage is she entitled to recover? She having received the full amount of the damages awarded her in her joint action against the two defendants, who, she claimed, caused the injury, it cannot make any difference from which of the defendants the plaintiff received payment, if in fact she was fully compensated for her injury. The attempted reservation of a right to further prosecute the other defendant, of course, amounts to nothing if she had no such right; neither can the fact be material that the judgment was entered against Doctorvitz alone. The mere fact that she had received full compensation is the fact which is determinative of the issue. In the case of
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio St., 348, 126 N. E., 300, this court relaxed the rather severe rule which had theretofore obtained as a result of the decision in the case of
 
 Ellis
 
 v.
 
 Bitzer,
 
 2 Ohio, 89, 15 Am. Dec., 534, and held, as appears in the syllabus of the later case, that a written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction
 
 pro tanto
 
 to the party wronged and to
 
 *138
 
 that extent works a discharge of all joint wrongdoers. The facts are not fully stated, but the opinion refers to the codefendants as joint tortfeasors. In reaching the conclusion announced in the syllabus, it is stated: “While, however, the part that each played in the doing of the wrong makes him responsible for the whole wrong, it nevertheless is likewise clear that there can be but one satisfaction, one redress, for that wrong. The injured party may not receive full satisfaction from more than one of the wrongdoers, and when he has received such full satisfaction it should be an end of the whole matter and all other wrongdoers should be discharged, not because they didn’t do wrong, or the wrong has been condoned, but upon the principle that full satisfaction has once been made to the injured party.”
 

 The same course of reasoning may be applied in this case. No matter what may have been stated in the receipt for the payment made by one of the codefendants as to partial satisfaction, or as' to a reservation to further pursue another defendant, in face of the fact clearly shown by the record that the payment was in full satisfaction and compensation for the injury inflicted — for it was a payment of the total amount which had been legally determined to be full compensation for the injury sustained by the plaintiff — both reason and authority support the rule that, when there has been full satisfaction and compensation for such injury, each and all of the several tort-feasors are released from further obligation, regardless of whether one or all paid the amount which it had been found would constitute full compensation for plaintiff’s injury.
 

 The court of common pleas was therefore right
 
 *139
 
 in dismissing the action against the defendant the Cleveland Railway Company, and the Court of Appeals was in error in reversing such judgment.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Day and Allen, JJ., concur.