## HUTCHINSON v RUBEL BAKING CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5642. Decided July 3, 1939

Morris & Barbour, Cincinnati, for appellee.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for appellant.

### OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, in which a verdict was rendered in favor of the plaintiff.

The section was based upon a claim of negligence against the defendant. It appears that the plaintiff, while attempting to cross Vine Street, from the east, in the City of Cincinnati, was struck by an automobile owned and operated by one Nick Gatto, who was proceeding southwardly on Vine Street. Her body was hurled through the air some twenty feet or more. The evidence is in dispute as to whether she was thrown against the truck of the defendant, which was proceeding northwardly on Vine Street, or under the truck, or merely near it. The jury evidently concluded that the evidence submitted to it justified the conclusion that the truck of the defendant was

negligently operated, and in view of our final conclusion in this matter, we express no opinion upon this phase of the case.

It appears, however, in the record that the plaintiff settled her cause of action against Nick Gatto for the sum of $2500. She fully reserved her right of action against the defendant. Copy of the release is found in an appendix to this opinion.

The Court refused the defendant the right to introduce the Gatto release in evidence. It did instruct the jury that it could only award damages to the plaintiff for such negligence of the defendant as was proved to be the proximate cause of the specific injuries of the plaintiff directly due to such negligence of the defendant. We here express no opinion upon the feasibility of successfully accomplishing such a task.

In **Adams Express Co. v Beckwith et, 100 Oh St 348**, the 1st, 2nd, 3rd, and 4th paragraphs of the syllabus are:

"1. A written release in general and unqualified terms, made and executed upon legal considerations between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers.

"2. Such written releases, however, are to be construed according to the well-known rules governing the construction of contracts.

"3. Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrong doer, such reservation is legal and available to the parties thereto.

"4. Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge to all joint wrongdoers."

In **Automobile Ins. Co. v Pennsylvania Rd. Co., 133 Oh St 449, at pages 456 and 457**, it is stated by the Court in its opinion:

"It is said that it is elementary in joint liability, either under contract or in tort, that where there is a full satisfaction by one joint obligor, the same works a release to all other obligors. **Adams Express Co. v Beckwith, 100 Oh St 348**, 126 N. E. 300.

"While by the release and assignment, Roadway Express, Inc., is not released from liability, the insurance company is discharged. The Goodyear Tire & Rubber Company, having received a full and complete settlement of its claim, could not have thereafter sued Roadway Express, Inc. If Roadway Express, Inc., was released from liability then its joint tort-feasor, the Pennsylvania Railroad Company, would have been released, for the receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of an action for damages, releases all of them. **Cleveland Ry. Co. v Nickel, 120 Oh St 133, 165 N. E. 719**."

If full satisfaction is a complete release, certainly, pro tanto satisfaction is a pro tanto release to others liable for a portion of the damages.

We quote also from **Cleveland Ry. Co. v Nickel, a minor, 120 Oh St 133**, the 1st and 2nd paragraphs of the syllabus:

"1. Receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of a suit for damages for personal injury releases all.

"2. Where, in an action to recover damages for personal injury claimed to have been caused by concurrent negligent acts of two defendants the amount of damages sustained is determined by the jury and a judgment rendered thereon against one defendant, the other being granted a new

trial, the payment of such amount and the receipt thereof by the plaintiff releases both defendants."

In the opinion in the Nickel case, it is stated, pages 137 and 138:

"The plaintiff elected to sue both defendants in the one action. She sought to procure a total award of damages against both defendants for the injury sustained. The amount necessary to fully compensate her was found and determined, and it was duly paid and receipted for. What further possible damage is she entitled to recover? She having received the full amount of the damages awarded her in her joint action against the two defendants, who, she claimed, caused the injury, it cannot make any difference from which of the defendants the plaintiff received payment, if in fact she was fully compensated for her injury. The attempted reservation of a right to further prosecute the other defendant, of course, amounts to nothing if she had no such right; neither can the fact be material that the judgment was entered against Doctorvitz alone. The mere fact that she received full compensation is the fact which is determinative of the issue. In the case of **Adams Express Co. v Beckwith, 100 Oh St., 348, 126 N. E. 300,** this court relaxed the rather severe rule which had theretofore obtained as a result of the decision in the case of **Ellis v Bitzer, 2 Ohio 89, 15 Am. Dec. 534,** and held, as appears in the syllabus of the later case, that a written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge of all joint wrongdoers. The facts are not fully stated, but the opinion refers to the codefendants as joint tortfeasors. In reaching the conclusion announced in the syllabus, it is stated: 'While, however, the part that each played in the doing of the wrong makes him responsible for the whole wrong, it nevertheless is likewise clear that there can be but one satisfaction, one redress, for that wrong. The injured party may not receive full satisfaction from more than one of the wrongdoers, and when he has received such full satisfaction it should be an end of the whole matter and all other wrongdoers should be discharged, not because they didn't do wrong, or the wrong has been condoned, but upon the principle that full satisfaction has once been made to the injured party.'

"The same course of reasoning may be applied in this case. No matter what may have been stated in the receipt for the payment made by one of the codefendants as to partial satisfaction, or as to a reservation to further pursue another defendant, in face of the fact clearly shown by the record that the payment was in full satisfaction and compensation for the injury inflicted—for it was a payment of the total amount which had been legally determined to be full compensation for the injury sustained by the plaintiff—both reason and authority support the rule that, when there has been full satisfaction and compensation for such injury, each and all of the several tortfeasors are released from further obligation, regardless of whether one or all paid the amount which it had been found would constitute full compensation for plaintiff's injury."

Again, it seems apparent to the Court that if such be the law, there can be no question that the defendant is entitled to have the jury know how much has been paid upon the **entire** sum to be awarded for the injuries to the plaintiff, otherwise, regardless of the charge of the court, the jury may well be supposed to render a verdict which will be inconsistent with the right of the defendant to have a credit upon the **entire** claim for damages.

The jury might find that all the injuries received by the plaintiff were due to the defendant's negligence. A proper interrogatory would, of course, disclose the conception of the jury upon the evidence adduced. In such case the plaintiff has been partially compensated and to the extent of compensation, the jury must credit upon the total finding of damages such partial compensation. It cannot do this unless it is made aware of the extent or amount paid in satisfaction of the entire amount of damages for the entire injury.

It is immaterial as far as the point here considered is concerned whether the defendant and Gatto are merely concurrent or joint tort feasors as defined by Marshall, C. J., in the case of Bello v Cleveland, 106 Oh St 94, at p. 104:

"The authorities already referred to establish the proposition that there can be no joint action unless there is joint liabilitiy and joint liability can only exist where there is concert of action in pursuit of a common intent."

The question here presented is whether the defendant in the instant case has been given the benefit of the payment made to the plaintiff by way of compensation for the injuries which she received. The release made full reservation of action against the defendant. The plaintiff had a right of action against each of those who caused her injuries. She could sue either or both. She, however, was entitled to be paid only once for her injuries, but on the other hand she was entitled to full compensation. Obviously she had received partial compensation for all her injuries. Each party involved was entitled to the benefit of such partial payment. The court refused the defendant the benefit of this payment upon plaintiff's whole damages. In doing so, it committed prejudicial error, which necessitates a reversal of the judgment of the trial court and remand for a new trial. As a practical matter it seems odd that the plaintiff placed a figure of $2500.00 upon her claim against Gatto, who was responsible for striking her and tossing her body across the street, when such plaintiff seeks to sustain a verdict against the defendant of $5,000, based upon evidence, which, giving it the fullest extent, only developed that the truck of defendant ran over her leg.

In the interest of justice and conducive to the early termination of litigation an alternative disposition of this case is presented to counsel.

Obviously the jury, which we must presume, followed the charge of the court limiting its consideration to compensation for injuries solely and wholly caused by the defendant, gave the plaintiff the maximum amount to which it considered her to be entitled. It is impossible to say what would have been the effect upon the jury had it been advised of the partial satisfaction received by the plaintiff. If, then, in lieu of a reversal of the judgment, the plaintiff is willing to credit upon the judgment the amount of the satisfaction— even though the court so limited the consideration of the jury—we consider, under such circumstances and in view of such a remittitur, that the defendant can have no prejudice, and we would affirm the judgment as so modified. The plaintiff has her election, and judgment will be entered as she elects.

HAMILTON, PJ. & MATTHEWS, JJ., concur.

"RELEASE.

KNOW ALL MEN BY THESE PRESENTS THAT:

WHEREAS, Dorothy M. Hutchinson, a minor aged nineteen years, received certain injuries on the 5th day of February, 1937, as a result of being struck by an automobile owned and operated by Nick Gatto, Jr., and a truck owned and operated by an agent or servant of The Rubel Baking Company, a corporation under the laws of Ohio, at or near 2121 Vine Street, Cincinnati, Ohio; and,

WHEREAS, having been advised by counsel, the mother and guardian of

the said Dorothy M. Hutchinson, a minor, claims that the said Nick Gatto, Jr., is liable to her and to the said Dorothy M. Hutchinson, in whole or in part, for and on account of the said personal injuries sustained by the said minor; and

WHEREAS the said Nick Gatto, Jr., desires to obtain for himself a release and discharge from any and all liability, and the said Hattie S. Hutchinson, Guardian of the person and estate of Dorothy M. Hutchinson, a minor, having been authorized by the Probate Court of Hamilton County, Ohio, to execute and deliver a release to the said Nick Gatto, Jr., for his sole and exclusive benefit, expressly reserving all her rights and causes of action against The Rubel Baking Company, and any other person, firm, corporation or association, who by wrongful act or omission has caused or contributed to the said injuries of the said Dorothy M. Hutchinson;

NOW, THEREFORE, in consideration of the sum of Two Thousand, Five Hundred ($2500.00) Dollars, received in full satisfaction of the said Nick Gatto, Jr., Hattie S. Hutchinson, as Guardian of the person and estate of Dorothy M. Hutchinson, a minor, hereby releases and forever discharges the said Nick Gatto, Jr., his heirs and assigns (but no other person, firm, corporation or association) from all claims, demands, damages, actions and causes of action whatsoever, and particularly including such as may have arisen by reason of, or in any manner growing out of the injuries sustained by the said Dorothy M. Hutchinson, as a result of being struck by an automobile owned and operated by said Nick Gatto, Jr., on or about February 5, 1937, at a point on Vine Street, commonly known, numbered and designated at 2121, in Cincinnati, Ohio.

It is particularly understood by and between the parties hereto that this release is for the sole and exclusive benefit of the said Nick Gatto, Jr., and no one else, and the sum received by me as Guardian of the person and estate of the said Dorothy M. Hutch-

inson, is in partial satisfaction only for the injuries of the said Dorothy M. Hutchinson, and I, as guardan for the said Dorothy M. Hutchinson, reserve all rights and causes of action against The Rubel Baking Company and every other person, firm, corporation or association which by wrongful act or omission may have caused or contributed to the above described injuries of the said Dorothy M. Hutchinson.

For the consideration aforesaid I, as Guardian of the person and estate of Dorothy M. Hutchinson, do hereby covenant and agree that I will not sue the said Nick Gatto, Jr., for and on account of said injuries to Dorothy M. Hutchinson.

IN WITNESS WHEREOF, I, as Guardian of the person and estate of Dorothy M. Hutchinson, a minor, have hereunto set my hand at Cincinnati, Ohio, this 30 day of August, 1937.

HATTIE S. HUTCHINSON,
Guardian of the Person and
Estate of Dorothy M.
Hutchinson, a Minor.

IN PRESENCE OF:
Richard C. Morris,
M. Froome Barbour."