Matthias, J.
 

 The question presented is whether the instrument of settlement and release executed by the
 
 *175
 
 plaintiff is such as to preclude the maintenance of an action for further damages against the defendant, who, if liable at all, is so as concurring tort-feasor. The doctrine of contribution between joint or concurrent tort-feasors is not involved in this case, nor is there here any question of primary and secondary liability; hence we shall not discuss or cite any of the numerous cases dealing with those questions.
 

 In the case of
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio St., 348, 126 N. E., 300, this court relaxed the rather severe rule of many years standing, first announced in the case of
 
 Ellis
 
 v.
 
 Bitzer,
 
 2 Ohio, 89, 15 Am. Dec., 534, to the extent of holding that although “A written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers”; yet “Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.”
 

 Although it -appears that the tort-feasors involved in the
 
 Adams Express Co. case
 
 were joint tort-feasors, while in the instant case we are dealing with concurrent tort-feasors, the principle applied in that case and to be applied in the disposition of this case, as we view it, is the same.
 

 The question directly presented in the
 
 Adams Express Co. case
 
 was the validity of a provision in an instrument of settlement and release which expressly’ reserved the right of action of the injured party against others named as joint tort-feasors, it being claimed, under the doctrine announced in the ease of
 
 *176
 

 Ellis
 
 v.
 
 Bitzer, supra,
 
 that notwithstanding such express reservation joint tort-feasors were released and discharged from all liability. In expressly disapproving and overruling the holding of the
 
 Ellis case,
 
 this court held that where an instrument of settlement and release “expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.”
 

 However, the court in the
 
 Adams Express Co. case
 
 went further and, in addition to determining the legal question directly in issue, held, as stated in the syllabus :
 

 ‘ ‘ Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction
 
 pro tanto
 
 to the party wronged and to that extent works a discharge to all joint wrongdoers.”
 

 The principle announced and applied in that case, which we believe is quite generally applied in similar situations by courts of last resort in most jurisdictions, is stated in the opinion as follows:
 

 “While, however, the part that each played in the doing of the wrong makes him responsible for the whole wrong, it nevertheless is likewise clear that there can be but one satisfaction, one redress, for that wrong'. The injured party may not receive full satisfaction from more than one of the wrongdoers, and when he has received such full satisfaction it should be an end of the whole matter and all other wrongdoers should be discharged, not because they didn’t 'do wrong, or the wrong has been condoned, but upon the principle that full satisfaction has once been made to the injured party. ’ ’
 

 This court applied that principle in the case of
 
 Cleve
 
 
 *177
 

 land Ry. Co.
 
 v.
 
 Nickel, a Minor,
 
 120 Ohio St., 133, 165 N. E., 719, where it was held that “Receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of a -suit for damages for personal injury releases all.”
 

 The facts in that case were such as to clearly disclose full and complete satisfaction. The action had been brought and verdict returned against two defendants whose concurrent negligent acts caused the injury. Thereafter judgment was entered against one of the defendants and at the same time a motion for new trial was granted the other. The amount of the judgment was paid to the plaintiff by the judgment debtor and receipt thereof in satisfaction of the judgment was entered on the appearance docket. In that case the'defendants had been charged with several and distinct acts of negligence; the one of permitting plaintiff, a streetcar passenger, to alight at a point between regular stopping places and failing to warn plaintiff of the approach of automobiles; while the other defendant was charged with the operation of her automobile at an unlawful rate of speed past a standing streetcar without giving warning. Each defendant was thus charged with separate and distinct* acts of negligence which’ concurred in causing the injury complained of. Before the case came on again to be tried against the Cleveland Railway Company, it filed a supplemental answer setting up the defense of full payment and satisfaction of plaintiff’s claim for damages, and such defense was sustained by this court.
 

 Although, under the facts disclosed by the record in the instant case, the amount to be awarded in full satisfaction of the damages sustained had not been ascertained in a trial and announced in a jury’s verdict, the contract of settlement and release entered into contained no reservation or exception whatever. Again
 
 *178
 
 we recur to the opinion in the
 
 Adams Express Co. case
 
 for the statement of a principle which we regard as particularly applicable here. It is as follows:
 

 “If, however, the language of the release is unqualified and absolute in its terms, it may be fairly said that a presumption does arise that the injury has been fully satisfied, because the parties would not be presumed to split the redress into fractional parts. But such a presumption cannot arise where the very terms of the release are squarely to the contrary.”
 

 It is observed that the' terms of the release under consideration by the court in that case were “squarely to the contrary,” for it ‘‘particularly specified that such satisfaction was not to operate as a satisfaction for the other defendants.”
 

 That the settlement was only in partial satisfaction could easily have been shown by other appropriate language.
 

 In the instant case, as previously observed, there is no reservation or exception stated; nor is there any language indicating that the amount stipulated was not regarded as full settlement for the entire damage sustained. It is unnecessary, however, to rely on any •presumption, for the release itself recites that the amount named was “received to my full satisfaction,” in consideration of which the release of Ingle was from “all claims, demands, damages, actions and causes of action whatsoever,
 
 and
 
 including such as have arisen by reason of or in any manner growing out of the. automobile collision occurring” at the time and place previously stated. (Italics ours.)
 

 Although only Jarvis Ingle, one of the two possible concurring tort-feasors, was specifically named, the language of the release above quoted was in consideration of “full satisfaction” and clearly shows there was no expectation of procuring further damages from pny other claimed -wrongdoer.
 

 
 *179
 
 The word “and” is a word of addition. It is to be noted that following the acknowledgment of fnll satisfaction, the release goes on further to recite,
 
 “and
 
 including such as have arisen by reason of or in any manner growing out of,” etc. (Italics ours.)
 

 The principle is well established that an injured party, having received full satisfaction from one joint or concurring wrongdoer, may not pursue the other alleged wrongdoers in an effort to recover a further sum for loss or damage resulting from the same injury. Prosser on Torts, page 1108, and 148 A. L. R,., 1270, and numerous cases there cited.
 

 It follows that the judgment of the Court of Appeals should be and is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner and Hart, JJ., concur.