cause remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

CONN and CARPENTER, JJ., concur.

CONN, FESS and CARPENTER, JJ., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.

SHERIDAN, APPELLANT, *v.* WERKHEISER, APPELLEE, ET AL.

475

*Mr. John C. Firmin,* for appellant.
*Mr. John E. Priddy* and *Mr. Richard J. Rinebolt,*
for appellee.

JACKSON, J.  This is an appeal on questions of law.

The alleged errors arise by reason of the trial court sustaining a demurrer to the second amended petition. The sustained demurrer set forth the single ground that the second amended petition did not state a cause of action against the defendant Dwight E. Werkheiser.

In the second amended petition two defendants, appellees, are named as concurrent joint tort-feasors.

The plaintiff, appellant, consummated a settlement with the defendant Frederick M. Hart, which settlement provided for reservation of all the rights to the plaintiff as against the defendant Dwight E. Werkheiser, and the appeal on behalf of the defendant Frederick M. Hart was dismissed with prejudice.

We are therefore concerned only with the appeal with reference to the defendant Dwight E. Werkheiser.

The second amended petition alleges that the plaintiff was riding in an automobile owned and driven by the defendant Frederick M. Hart on state route No. 12 southwest of the city of Fostoria in the county of Hancock, Ohio; that the plaintiff had no control or direction over the automobile in which she was riding; that on the 16th day of June, 1946, at about 1:30 a. m., the automobile in which the plaintiff was riding crashed into the rear of another automobile owned and driven by the defendant Werkheiser, which automobile was standing on the northwesterly side of such highway and on the paved portion thereof; that there was a dry shoulder or berm thirty feet wide along the highway affording sufficient space to park the auto-

mobile of such defendant entirely off the paved or traveled portion of the highway, of which fact defendant was well aware; that the automobile of the defendant was damaged, had lost its traction and was coasting, and, that although it was practical for the defendant to stop, park or leave his automobile off the paved and main portion of the highway, he failed to do so, thereby impeding the free passage of other vehicles upon such highway which situation defendant knew about, or in the exercise of ordinary care should have known about; and that the defendant Frederick M. Hart (the party whose appeal was dismissed with prejudice) operated his automobile with four persons in the back seat and three other persons in the front seat, in addition to the driver Hart.

Plaintiff alleges further that Hart was guilty of wanton and wilful misconduct in that he was driving while intoxicated, driving with one hand, at a speed in excess of fifty miles per hour and concentrating his attention on a woman companion in the car; that he failed to slacken his speed after dimming his lights; that he was driving his automobile with knowledge that his acts would in all common probability result in injury to the plaintiff; that he drove his car consciously and indifferently under the aforesaid conditions; and that by reason of the concurrent acts of the defendants, Frederick M. Hart and Dwight E. Werkheiser, plaintiff sustained bodily injuries and incurred medical nursing and hospital expenses, and lost wages from her employment by reason of being unable to work.

Paragraph (a) of Section 6307-64, General Code, as amended, effective September 6, 1941, provides, in substance, that no person shall stop, park or leave standing any vehicle upon the paved or main traveled part of a highway, outside of a business or residence

district, when it is practicable to stop, park or leave such vehicle off such part of the highway, but in every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of at least two hundred feet.

Paragraph (b) of this section provides, in substance, that the driver of a vehicle which is disabled may park on the paved or improved or main traveled portion of the highway if it is imposible to avoid stopping thereat and may temporarily leave such disabled vehicle in such position.

The contingencies provided for in this section of the General Code can be determined only after the facts are presented as to such stopping and parking a vehicle on a highway, and the determination of such facts in relation to their application to the provisions of the Code are questions for the jury and cannot be determined as a matter of law by the court. *Pugh* v. *Akron-Chicago Transportation Co.,* 137 Ohio St., 164, 28 N. E. (2d), 501.

There is another fact which must be determined by the jury, namely, if a violation of this section becomes either a question of negligence, or negligence per se, it must be determined whether such negligence was the proximate cause of the damages that accrued. *Betras, Admr.,* v. *G. M. McKelvey Co.,* 148 Ohio St., 523, 76 N. E. (2d), 280; *Zivkoff, Admr.,* v. *Pennsylvania Rd. Co.,* 86 Ohio App., 84, 90 N. E. (2d), 148.

Under the allegations of the petition, both defendants are charged with liability because of their concurrent negligence, and under the law, concurrent tortfeasors are not only jointly but severally liable. *Wery* v. *Seff,* 136 Ohio St., 307. 25 N. E. (2d), 692; *Larsen* v. *Cleveland Ry. Co.,* 142 Ohio St., 20, 50 N. E. (2d), 163.

A release of one concurrent tort-feasor from liabil-

ity, given by the injured person, discharges all others so liable for the same harm unless the parties to the release agree that it shall not discharge the others. Payment by one such tort-feasor on account of a harm for which he and another are so liable diminishes the amount of the claim against the other whether it was so agreed at the time of payment and whether the payment was made before or after judgment; the extent of the diminution being the amount of the payment made, or a greater amount if so agreed between the payer and the injured person. 4 Restatement of the Law of Torts, 460, Section 885; *Ash* v. *Mentansen*, 24 Cal. (2d), 654, 150 P. (2d), 876.

In any event, however, the recovery against the other tort-feasors is confined to the excess of damages incurred, above the amount of the settlement, the settlement sum paid being considered as a satisfaction *pro tanto*. The intention of the parties as to the effect of the release is to be ascertained from the language of the agreement in connection with all the circumstances. 39 Ohio Jurisprudence, 241, Section 31; 35 Ohio Jurisprudence, 285, Section 47; *Adams Express Co.* v. *Beckwith*, 100 Ohio St., 348, 126 N. E., 300; *Cleveland Ry. Co.* v. *Nickel, a Minor*, 120 Ohio St., 133, 165 N. E., 719; *Davis, Admx.*, v. *Buckeye Light & Power Co.*, 145 Ohio St., 172, 61 N. E. (2d), 90; 7 Ohio Jurisprudence, 1014, Section 31.

For the above reasons, prejudicial error intervened in the sustaining of the demurrer to the second amended petition and the dismissal of such second amended petition by the trial court. Therefore the judgment is reversed and the cause remanded to the Common Pleas Court with instructions to overrule the demurrer, and for further proceedings according to law.

*Judgment reversed.*

Guernsey, P. J., and Middleton, J., concur.