Stewart, J.
The question of law with which we are concerned is whether the instrument, which plaintiff signed for a consideration of $250, released defendant from liability.
It is a general rule that, where one who has been injured by concurrent acts of two or more persons executes to one of such persons for a valid consideration a contract of settlement and release from all claims and demands for or on account of the injury, reserving no rights against any one, such release is effective as to all other such persons.
In the case of Adams Express Co. v. Beckwith, 100 Ohio St., 348, 126 N. E., 300, this court said:
*452 ‘ ‘ A written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers. ”
In the case of Davis, Admx., v. Buckeye Light & Power Co., 145 Ohio St., 172, 61 N. E. (2d), 90, the syllabus reads:
“1. Receipt of ‘full satisfaction’ from one of several persons whose concurrent acts of negligence caused a single injury releases all. (Cleveland Ry. Co. v. Nickel, a Minor, 120 Ohio St., 133, approved and followed.)
“2. A contract of settlement and release, executed by an injured party with one of several concurrent tort-feasors, which recites that the amount named was received by the former to his ‘full satisfaction,’ in consideration of which the wrongdoer named was released from ‘all claims, demands, damages, actions and causes of action whatsoever, and including such as have arisen by reason of or in any manner growing out of the automobile collision,’ effects a release of all concurrent tort-feasors.”
Where in executing a release a person reserves a right of action against any other wrongdoer, such a reservation is legal and available to him in an action against such wrongdoer, and settlement by another wrongdoer would be a release only pro tanto as to the wrongdoer against whom the right was reserved. Adams Express Co. v. Beckwith, supra.
However, in the release in the present case, there is no reservation of any kind.
Plaintiff’s defense against the release is two-fold. He maintains that he thought he was giving a release only of the payment of wages for the time he lost and not of any claim for damages because of defendant’s negligence. However, he frankly admits that he understood everything stated in the release.
*453 It would be rather naive to conceive a belief on plaintiff’s part that he had any claim for wages for time when he was not working, particularly since he had a job where he worked only upon call and was paid accordingly, and it would be more naive to conceive a belief on his part that he had any claim for wages from the other railroads mentioned in the release for which he did no work at all. Moreover, the release which plaintiff signed was a release not only as to all claims, demands, grievances and causes of action of every kind whatsoever, but, also, as to liability for damages of every kind, nature or description now existing or which may hereafter arise from or out of injuries and damages known and unknown, permanent or otherwise, received by claimant at or near Youngstown on or about September 17, 1949. The only injuries received by plaintiff on that date were the injuries resulting to him from the occurrence narrated in his petition, and it is clear that the release which he signed exonerated the parties named therein and all other parties in interest from liability arising out of that occurrence. These include, of course, the defendant, who is alleged to have caused the injury, even if the phrase, “all other parties in interest,” had not been in the release.
Plaintiff contends further that his railroad employer was not in fact or law liable for his injuries, and, therefore, could not be a joint tort-feasor with defendant. He argues that, since defendant was the sole tortfeasor and only joint tort-feasors are released by an unconditional release of one of them, the release of his employer and the other railroads could not operate in favor of defendant.
Plaintiff admitted that he thought he had a legitimate claim against the railroads and he was the one who called up the claim agent of his railroad employer in order to secure a settlement, as a result of which call the settlement was made and the release given.
*454 It must be remembered that plaintiff’s accident happened in the yards of the defendant but in connection with his work as a brakeman for his employer.
The multitude of suits which are brought against railroads under the Federal Employers ’ Liability Act, because of claims that the railroads have not furnished a safe place in which to work, and the almost universal success of plaintiffs in such actions constitute an inducement to railroads to settle with employees who are injured in the course of their employment.
In the case of Griswold v. Gardner, 155 F. (2d), 333, Judge Major of the Seventh Circuit Court of Appeals stated as follows:
“Any detailed review of the evidence in a case of this character for the purpose of determining the propriety of the trial court’s refusal to direct a verdict would be an idle and useless ceremony in the light of the recent decisions of the Supreme Court. This is so regardless of what we might think of the sufficiency of the evidence in this respect. The fact is, so we think, that the Supreme Court has in effect converted this negligence statute into a compensation law thereby making, for all practical purposes, a railroad an insurer of its employees. (See dissent of Mr. Justice Roberts in Bailey v. Central Vermont Ry., 319 U. S., 350, 358, 63 S. Ct., 1062, 1066, 87 L. Ed., 1444.)
“The Supreme Court, commencing with Tiller v. Atlantic Coastline R. Co., 318 U. S., 54, 63 S. Ct., 444, 87 L. Ed., 610, 143 A. L. R., 967, in a succession of cases has reversed every court (with one exception hereinafter noted) which has held that a defendant was entitled to a directed verdict. ’ ’
In the case of Hillyer v. City of East Cleveland, 155 Ohio St., 552, 99 N. E. (2d), 772, this court said:
‘ ‘ 2. Where a person against whom a claim is brought because of injuries received makes a settlement with *455 the claimant, such person does not thereby acknowledge legal liability for the injuries.
‘ ‘ 3. Where a person asserts a claim against another for damages because of injuries received by claimant and the person against, whom the claim is made is one so connected with the wrong as to be reasonably subject in the minds of both parties to an action and possible liability, and where the one against whom the claim is made compromises it and pays a substantial sum in settlement which can not be considered either a token payment or a'donation, the claimant who receives the consideration is precluded from denying that the claim is well founded.”
It follows, therefore, that, since plaintiff settled with his employer for the damages .received from the accident described in his petition, he is precluded from denying that he had such a claim.
It is obvious that plaintiff’s employer settled with plaintiff as to any claim with reference to plaintiff’s accident for which he has brought action; that it did not give plaintiff a gratuity because of plaintiff’s loss of time; and that when it took plaintiff’s release it was doing so in order to relieve itself from any liability for plaintiff’s accident.
"When one gives a gratuity, he does not take a release, and if the payment to plaintiff were a mere gift of the amount of wages he had lost, there would have been no need to pay to the railroad retirement board the $70 it had advanced to plaintiff. The retirement board was entitled to such payment only out of a settlement on account of liability.
In the present case, although a claim of fraud was made by plaintiff in his reply, no such claim was made at the trial or in this court,
Plaintiff does not desire the release which he gave to his employer to be set aside. He still says he uu *456 derstands the release, but thought that it was simply a release of all the railroads concerning an amount to compensate him for the wages he lost, and that defendant was not released because its name was not mentioned in the release. •
The claim of plaintiff amounts to a contention that he did not understand the legal effect of the release, but that cannot avail him because his misunderstanding did not amount to a mutual mistake of either law or fact, and one is bound by a release which he voluntarily signs and understands, even though he may be mistaken as to what the legal effect of that release may be.
Since the plaintiff made a contract of settlement and release with his employer for all damages growing out of the accident for which he has brought an action against defendant, without any reservation of rights against any other party involved in such accident, and since plaintiff makes no claim of fraud in reference to such release and no demand that it be set aside, such release exonerates defendant from liability in the present action, and the Court of Appeals was in error in reversing the judgment of the Court of Common Pleas.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart and Lamneck, JJ., concur.