WHITACRE ET AL., APPELLEES, *v.* BD. OF EDUCATION ET AL., APPELLANTS.

(No. 74-CA-9—Decided December 18, 1974.)

*Mr. Paul J. Winterhalter* and *Mr. William L. Have-mann,* for appellant Gary Hart.

*Mr. James C. Utrecht,* for appellees Randy Whitacre, Fair Whitacre and Louise Whitacre.

*Mr. Alfred J. Weisbrod,* for appellee Dean Stitz.

KERNS, J. On August 14, 1969, defendant Gary Hart, an appellant herein, drove an automobile off the paved portion of Stanfield Road, Miami County, Ohio, causing serious injuries to the plaintiff, Randy Whitacre, an occupant

of the vehicle. Gary and Randy were classmates, and both were members of the band at Milton-Union High School. At the time of the accident, they were on their way to the high school, having participated earlier in a band concert at the Miami County Fairgrounds in Troy, Ohio.

This action was commenced in the Court of Common Pleas of Miami County claiming damages from the Board of Education of Milton-Union School District, its band director, Dean Stitz, its insurer, Ohio Farmers Insurance Company, and the driver of the vehicle, Gary Hart. The cause of action against the Board of Education was based essentially upon the allegation that Dean Stitz, while acting on behalf of the Board and within the scope of his authority, failed to provide adequate bus transportation from the high school property to the fairgrounds where the concert was to take place. The Whitacres further alleged that Randy was required to find substitute transportation to the concert because of the crowded conditions on the only bus provided by the Board of Education.

The cause of action against Gary Hart was based upon his alleged negligence in the operation of the vehicle in which both were riding at the time of the accident. In addition to the relief sought against the Board of Education, Stitz, and Hart, the second amended complaint, upon which the case proceeded to trial, sought a declaratory judgment of the rights and obligations of the Ohio Farmers Insurance Company under its contract of insurance with the Board of Education.

The cause proceeded to trial on November 26, 1973, and on December 3, 1973, the jury returned a verdict against Gary Hart alone for $50,000, $35,000 of the amount being in favor of Randy Whitacre, a minor, and $15,000 in favor of Randy's parents, Fair and Louise Whitacre. The trial court entered judgment accordingly and, subsequently, motions for a new trial and for a judgment notwithstanding the verdict were overruled.

Gary Hart also filed a motion for relief from judgment pursuant to Civil Rule 60(B). This motion was accompanied by an affidavit which shows that the Whitacres

and the Ohio Farmers Insurance Company, as insurer of the Milton-Union Board of Education, reached a settlement agreement for $35,000 before the case was submitted for jury consideration. The motion sought a reduction of the amount of the judgment rendered against him ($50,000) in an amount equal to the consideration for the settlement agreement ($35,000).

The motion for relief from judgment was overruled by the Court of Common Pleas, and this forms the basis for the first assignment of error. In support of this alleged error, the appellant Hart alludes to the principle that "where a party has a cause of action in tort against several join tortfeasors and for a legal consideration gives a release to one of such tortfeasors, such party has in effect sold, transferred or abandoned his cause of action to the party to whom the release has been given." See, *Bacik* v. *Weaver*, 173 Ohio St. 214. In other words, the receipt of full satisfaction and compensation for injuries from any one of several tortfeasors releases all. *Cleveland Ry. Co.* v. *Nickel*, 120 Ohio St. 133.

For many years Ohio applied the common law rule that a release of one joint or concurrent tortfeasor automatically released the others, regardless of the intent of the parties to the release, or whether full satisfaction of a claim had been made. *Ellis* v. *Bitzer*, 2 Ohio 89. However, this doctrine was rejected in *Adams Express Co.* v. *Beckwith*, 100 Ohio St. 348, which holds that the intent of the parties governs the interpretation of agreements with express reservations of rights against third parties in cases where full compensation for the plaintiff's injuries has not been made.

In the present case, the Whitacres agreed that they would make no effort to collect any judgment that might be returned against the defendant, Milton-Union Board of Education, in excess of $35,000. In the agreement, it was further stipulated that the Whitacres were not releasing their claims against any other parties to the action. The agreement was signed by the Whitacres, the Milton-Union Board of Education and Ohio Farmers Insurance Company;

hence, the settlement agreement was valid and enforceable. See, *Bacik* v. *Weaver, supra; Hageman* v. *Signal L. P. Gas, Inc.* (C. A. 6), 486 F. 2d 479.

The serious question, however, in this case is whether the consideration for the agreement must be deducted from the total verdict assessed by the jury as total compensation for the injuries sustained by Randy Whitacre in the accident. In the case of *Adams Express Co.* v. *Beckwith, supra,* the court said, in paragraph 4 of the syllabus:

"Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction does not inure to the benefit of any other persons than those who are parties to such written release, save *and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge to all joint wrongdoers.*" (Emphasis ours.)

Although the severity of the injuries in the present case tends to obscure the law, it is manifest that the consideration for the agreement would be in excess of the total amount the jury assessed as total compensation for the injuries, and it is fundamental that a plaintiff can recover only once for the same damages. *Snowden* v. *D. C. Transit System, Inc.* (D. C. App.), 454 F. 2d 1047. In that case, the court said that "a settlement with one later proven not to have been a tort-feasor requires a reduction in judgment against the tort-feasor."

Likewise, in the case of *Hutchinson* v. *Rubel Baking Co.*, 34 Ohio Law Abs. 15, the court said, at 16: "If full satisfaction is a complete release, certainly, pro tanto satisfaction is a pro tanto release to others liable for a portion of the damages." In the *Bacik* case, *supra* at 218, the court casually observed that "such consideration necessarily represents a *pro tanto* satisfaction," and we have not been referred to any case or authority which holds otherwise. The appellees argue that the agreement was based on considerations arising out of the declaratory judgment action. However, a declaratory judgment cannot be used to determine the sufficiency of legal defenses which have been or can be asserted in a pending action. And here,

from any view of the record, the consideration paid by the Ohio Farmers Insurance Company, as the insurer of the Board of Education, is directly and solely traceable to the injuries sustained by Randy Whitacre on August 14, 1969. Accordingly, the first assignment of error is well made.

The second and third assignments of error are argued together, and each challenges the weight and sufficiency of the evidence. Specifically, these alleged errors bring into focus the question of whether there was sufficient evidence to support the finding of the jury that Randy was a passenger and not a guest at the time of the accident. In this regard, the evidence discloses that Randy and Gary were members of the Milton-Union High School Band and went to the school in preparation for a concert to be held at the Miami County Fairgrounds. The single bus provided by the band director was not large enough to transport all of the band members. Therefore, the boys proceeded to and from the fairgrounds in Gary's automobile.

The band received $150 for its performance at the fairgrounds, and Gary and Randy, as well as other members of the band, could reasonably expect to receive the material benefits of this sum in the form of awards, service bars and pins. It was also used to make purchases, from time to time, for the benefit of the entire organization. Although there is some dispute in this case as to whether the trips to and from the fairgrounds were separate, we are of the opinion that the evidence is sufficient, under all the circumstances prevailing at the time, to support a conclusion that the band members would use the same transportation for the entire trip.

The controlling question under these assignments of error is whether Randy was a passenger or guest, and this question has provided the subject for numerous cases decided by the Supreme Court of Ohio. *Klein* v. *Reynolds,* 32 Ohio St. 2d 163. A review of all of the cases decided by that court would serve no purpose, but we note that the court has consistently held that a rider is a passenger within the purview of R. C. 4515.02, where the transportation is furnished for the mutual business or material in-

terests of both the rider and driver. For example, see *Burrow* v. *Porterfield,* 171 Ohio St. 28; *Hasbrook* v. *Wingate,* 152 Ohio St. 50; *Duncan* v. *Hutchinson,* 139 Ohio St. 185.

In the *Hasbrook* case, *supra* the court distinguished the term "guest" from the term "passenger," within the meaning of the guest statute, at 56, as follows:

"The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends to promote the mutual interest of both himself and driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or where the rider accompanies the driver at the instance of the latter for the purpose of having the rider render a benefit or service to the driver on a trip which is primarily for the attainment of some objective of the driver, the rider is a passenger and not a guest."

In the case of *Vest* v. *Kramer,* 158 Ohio St. 78, which has "mutual benefit" characteristics similar to those of the present case, the court recognized that the guest statute, being in derogation of common law, must be strictly construed, and held that a boy scout who was assisting in a scrap paper collection for the benefit of his troop was a passenger on a vehicle driven by his assistant scout master. The factual pattern in the *Burrow* case, *supra,* also bears some similarity to the facts of the present case. After careful consideration, we are of the opinion that the issue was properly presented for jury consideration, and the second and the third assignments of error will be overruled.

The fourth assignment of error challenges the propriety of an excerpt from the general charge of the court. As we view it, the instruction comports substantially with existing law on the subject, and it was directly responsive to the evidence. The fifth assignment of error is also directed to the charge of the trial court, but the language to which the objection was made appears to be more favorable to the defendants than to the plaintiffs.

At best, the issues in the case were complicated, but

the objections made by the appellant to the instructions suggest no defect which had any material effect upon the outcome of the case. The fourth and fifth assignments of error are overruled.

What we have said disposes of defendant Hart's assignments of error, but assignments of error have also been filed on behalf of Randy, Fair, and Louise Whitacre, and these alleged errors have been answerd by appellant Hart, and by appellee Dean Stitz. The record fails to disclose that the Whitacres filed a timely notice of an intention to appeal from the judgment of the Court of Common Pleas, and ordinarily, under such circumstances, assignments of error by an appellee may be considered only for the limited purpose of preventing a reversal or modification of the judgment under review. *Parton* v. *Weilnau*, 169 Ohio St. 145. However, in order to dispel any apprehension, we have examined the three errors assigned by the appellees.

In view of the serious and permanent nature of the injuries sustained by Randy Whitacre, the verdict was extremely conservative, but the record projects no passion or prejudice or any other sound legal basis for disturbing it. In this case, as in all jury cases, the element of damages was possibly influenced to some extent by the operative facts and circumstances which gave rise to the issue of damages, but human nature, being what it is, such influence cannot be avoided at any trial. The first two assignments of error will therefore be overruled.

As to the third assignment of error set forth by the appellees, the state of the evidence was such as to preclude an instruction to the jury that Gary Hart was the agent of Dean Stitz, as a matter of law.

In conclusion, we are of the opinion that the judgment must be reduced in the amount specified in the settlement agreement, and as so modified, it will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J. and SHERER, J. concur.