**Roberts Express v. Bauman**
*[Cite as 2 AOA 280]*

Case No. L-89-197
Lucas County, (6th)
Decided April 20, 1990

R.C. 2721.03

*Dennis Strong, Counsel for Appellant.*

*Barry Fissel, Counsel for Appellee.*

HANDWORK, P.J.
This case is on appeal from a judgment of the Lucas County Court of Common Pleas.

The facts of this case are as follows. Appellee, Roberts Express, Inc. ("Roberts"), is an Ohio corporation whose primary business is to provide time-sensitive surface transportation expedited delivery service to its customers throughout the United States. Appellee, Joseph Johnston, is an independent contractor/sales agent for Roberts. Johnston's exclusive sales territory is Southeastern Michigan and Northwestern Ohio.

In October 1986, appellant, Ben Bauman, began working for Roberts as a customer service agent. In March 1987, Bauman was promoted to sales/telemarketing representative. In mid-October, however, Johnston offered Bauman a position as his sales/customer service assistant. Johnston had several discussions with Bauman about what was expected of him and what the job entailed. Bauman accepted the position and began working for Johnston on November 30, 1987.

In December 1987, within two weeks of starting his new job with Johnston, Bauman and Johnston executed an "Agreement To Refrain From Competition," which was dated November 20, 1987. The agreement provided that upon termination of the parties' employment relationship, Bauman would not directly or indirectly, for himself or another, engage in business related in any way to the time-sensitve expedited delivery service of Roberts Express, Inc. for a period of two years following the termination of employment. The agreement also specifically named Roberts as a third-party beneficiary of the agreement.

For approximately one year, Bauman worked as Johnston's assistant, learning the time-sensitive expedited delivery service and familiarizing himself with Johnston's accounts and contacts.

On November 17, 1988, Johnston terminated the employment relationship between himself and Bauman. Subsequently, on December 12, 1988, Bauman began working for

appellant, Target Expediting, Inc. ("Target"), a company which directly competes with Roberts in the time-sensitive expedited delivery service field.

On January 19, 1989, Roberts filed an action against Bauman seeking damages for violation of the restrictive covenant and an injunction. Roberts further filed a motion for a temporary restraining order ("TRO") to enjoin Bauman and Target from competing with Roberts pending a hearing on Roberts' application for a preliminary and permanent injunction. In his answer of January 31, 1989, Bauman asserted a counterclaim for declaratory judgment against the plaintiffs on the grounds that the employment agreement was void for lack of consideration. The court below granted Roberts' motion for a TRO on January 25, 1989. The court ordered Bauman and Target to refrain from competing with Roberts for Roberts' already established customers in Johnston's exclusive sales territory. The court attached a list of zip codes which represented the exclusive sales territory.

After a hearing on Roberts' motion for preliminary injunctive relief (held February 8, 1989), the court below, in an opinion and judgment entry dated February 17, 1989, ordered Bauman restrained from competitive conduct with Roberts and/or Johnston over Roberts' customers in Johnston's exclusive sales territory. The court further ordered Target restrained from using any information received from Bauman in regard to the applicable market and customers.

Subsequently, Roberts filed and the court below granted, a motion to dismiss Bauman's counterclaim for declaratory judgment. The court, in an opinion and judgment entry of May 2, 1989, held that declaratory judgment is not a proper form for determining the sufficiency of a legal defense. The court found that lack of consideration is an affirmative defense which would be addressed in the already pending action.

Finally, on June 13, 1989, a trial was held before the court on Roberts' application for a permanent injunction. The court entered its judgment on June 19, 1989, in favor of Roberts and Johnston and against Bauman and Target. The court permanently enjoined Bauman from acting as a sales agent in competition with Roberts and Johnston, within the previously identified zip codes, for Roberts' customers for two years from the date of the issuance of the TRO, which the court stated as being February

17, 1989. The court also permanently enjoined Target from utilizing information conveyed by Bauman or utilizing Bauman's services in competition with the plaintiffs in the territories prescribed for two years from February 17, 1989.

It is from the above judgments that the appellants, Bauman and Target, assert the following assignments of error:

"First Assignment of Error.

"THE COURT ERRED IN DISMISSING BEN BAUMAN'S COUNTERCLAIM SEEKING DECLARATORY JUDGMENT THAT THE COVENANT NOT TO COMPETE WAS UNENFORCEABLE FOR LACK OF CONSIDERATION AND RULING THAT LACK OF CONSIDERATION WAS AN AFFIRMATIVE DEFENSE.

"Second Assignment of Error.

"(1) THE TRIAL COURT ERRED IN GRANTING A PERMANENT INJUNCTION ENJOINING BEN BAUMAN FROM COMPETING AGAINST THE PLAINTIFFS ROBERTS EXPRESS, INC., AND JOSEPH JOHNSTON.

"(2) THE TRIAL COURT ERRED IN PERMANENTLY ENJOINING TARGET EXPEDITING FROM UTILIZING THE SERVICES OF THE DEFENDANT, BEN BAUMAN, AS A SALES REPRESENTATIVE.

"Third Assignment of Error.

"THE COURT ERRED IN GRANTING A PRELIMINARY INJUNCTION IN EXCESS OF THE PERIOD OF TIME CALLED BY THE 'COVENANT NOT TO COMPETE'.

"Fourth Assignment of Error.

"THE TRIAL COURT ERRED IN GRANTING A PERMANENT INJUNCTION FOR TWO YEARS.

"Fifth Assignment of Error.

"THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF KEITH COLLINS BY WAY OF DEPOSITION."

I.

In their first assignment of error, Bauman and Target argue that the court below erred in dismissing Bauman's counterclaim for declaratory judgment that the covenant not to compete was unenforceable for lack of consideration. The appellants further argue that the court below erred in ruling that lack of consideration was an affirmative defense.

While appellants are correct in their claim that under the Declaratory Judgments Act, any person interested under a contract may have determined any question of construction arising under the contract and obtain a declaration of

rights under R.C. 2721.03, the law or declaratory judgments does not stop there. It is equally clear under the law of Ohio, that "a declaratory judgment cannot be used to determine the sufficiency of legal defenses which have been or can be asserted in a pending action." *Whitacre* v. *Board of Edn.* (1974), 42 Ohio App. 2d 19, 22. See, also, *Secrest* v. *Standard Oil* (1963), 118 Ohio App. 270, and *Videtto* v. *Marsh* (1960), 112 Ohio App. 151.

Failure of consideration is an affirmative defense, see Civ. R. 8(C), and *Sharick* v. *Szefcyk* (1934), 17 Ohio Law Abs. 332, and appellants have presented no authority or arguments which would lead us to hold otherwise. Furthermore, in its granting of Roberts' motion to dismiss, the court below made it clear that the issue of consideration would be considered as part of plaintiffs' claim for enforcement of the agreement. Thus, appellants were not prejudiced in any way by the court's dismissal of their counterclaim for declaratory judgment.

Accordingly, appellants' first assignment of error is found not well-taken.

II.

In their second assignment of error, appellants assert that the court below erred in granting a permanent injunction against Bauman and Target. The issue before this court is whether there is competent, credible evidence in the record to support the finding of the court below that the written covenant not to compete was part of the oral employment agreement although executed two weeks after Bauman began working for Johnston.

In its opinion and judgment entry of May 31, 1989, the court below found "*** there exists genuine issues of material fact as to whether the non-competition agreement, though signed later, was discussed by the parties and made part of the oral employment agreement when Bauman accepted the position working with Johnston."

At the trial on Roberts' application for a permanent injunction, the court heard testimony by Bauman and Johnston on this issue. Also, filed with the court were transcripts of depositions of Bauman, Johnston and Keith Collins, another sales agent/independent contractor of Roberts as well as the transcript of the February 8, 1989 hearing on appellees' request for a preliminary injunction. Although the testimony was conflicting on the issue of whether Bauman knew of the covenant, it was within the court's province, as the trier of fact, to believe the testimony of some witnesses and

disbelieve the testimony of others. Because there is evidence in the record that Bauman had been told on several occasions that his new job was contingent upon his signing a covenant not to compete, the judgment of the court below is supported by some competent, credible evidence and is not against the manifest weight of the evidence.

Consequently, appellants' second assignment of error is found not well-taken.

III.

Because appellants' third and fourth assignments of error address the same issues, this court will consider them together.

In its judgment entry of June 19, 1989, the court below held:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendant Ben Bauman *** [is] permanently enjoined from directly or indirectly, engaging in the following conduct for the period of two years from the date of the issuance of the temporary restraining order on February 17,1989: ***."

Appellants argue that the court below erred in granting a permanent injunction in excess of the period of time called for by the covenant not to compete and in granting the injunction for two years.

The Supreme Court of Ohio addressed the issue of covenants not to compete in *Raimonde* v. *Van Vlerah* (1975), 42 Ohio St. 2d 21, 25-26, and set forth a standard by which Ohio courts have since judged such covenants:

"*** We hold that a covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect the employer's legitimate interests. A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if it is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public. *Courts are empowered to modify or amend employment agreements to achieve such results.*" (Emphasis added.)

We have previously applied the *Raimonde* line of reasoning in *Trim-Line of Toledo* v. *Carroll* (Jan. 25, 1987), Lucas County App. No. L-86-176, unreported. In *Trim-Line*, we found that the trial court had abused its discretion in holding a similar covenant not to compete unenforceable; however, we also held that the two year restriction provided by the covenant was unreasonable and excessive under the facts of that case. We therefore, under the authority

provided by *Raimonde*, limited the covenant not to compete to one year.

In the case at bar, Bauman ceased working for Johnston on November 17, 1988, and began working for Target on December 12, 1988. The TRO was issued on January 25, 1989, not February 17, 1989 as the court below stated in its judgment entry. There is evidence in the record that Bauman used information which he gained from Johnston, to contact customers of Johnston/Roberts while he was working for Target. On April 17, 1989, Johnston hired a replacement for Bauman. Johnston testified that it would take approximately six to eighteen months for the replacement to achieve the same level of familiarity with Johnston's territory that Bauman had when he left. Given the confidential nature of customer lists and contacts in the time-sensitive expedited delivery service business, and given that Bauman was familiar with at least fifty percent of Johnston's accounts when he left, we do not find that a two-year restriction is greater than that which is required to protect the appellees' business. See *Columbus Medical Equip. Co.* v. *Watters* (1983), 13 Ohio App. 3d 149.

Furthermore, we do not find that this restriction places an undue hardship on appellants. Bauman can still work for Target as a sales representative, outside of the territory marked by the zip code list attached to the trial court's order, and Target can still compete against Roberts within the territory marked by the zip code. Target is simply forbidden to use information acquired through Bauman to engage in such competition. Finally, we do not believe that the restrictions will be injurious to the public.

We do, however, find that the trial court abused its discretion in setting the starting date for the enforcement of the restrictive covenant at February 17, 1989. The TRO was issued on January 25, 1989 and that is the date on which appellants were ordered to refrain from competing with appellees within the aforementioned territory. We therefore find January 25, 1989 to be the proper date from which the permanent injunction should be enforced.

Accordingly, the trial court did not err in granting a permanent injunction in excess of the period of time called for by the covenant not to compete, nor did the trial court err in granting a permanent injunction for two years. It was, however, inappropriate for the court below to initiate the running of the restriction period on February 17, 1989, rather than on January 25, 1989, the actual date of the entry of the TRO. Accordingly, appellants' third and fourth assignments of error are found well-taken in part and not well-taken in part.

IV.

In their fifth assignment of error, appellants argue that the trial court erred in admitting the testimony of Keith Collins by way of deposition. Appellants claim that the totality of the deposition relates to conversations Collins had with Bauman after Bauman had an employment agreement with Johnston. Thus, appellants argue, because the testimony is not likely to prove or disprove any of the issues of the case, it is irrelevant.

Only if the trial court abused its discretion will this court reverse a ruling on the admissibility of evidence. Upon review of the record, we find that the trial court did not abuse its discretion in admitting the deposition testimony of Keith Collins. Moreover, the court finds that absent the Collins deposition, there is ample evidence in the record to support the lower court's holding. Therefore, any error on the part of the lower court was not prejudicial.

Accordingly, appellants' fifth assignment of error is found not well-taken.

The judgment of the Lucas County Court of Commmon Pleas is affirmed in part and reversed in part. This cause is remanded to said court so that the court may amend its judgment entry of June 19, 1989 in a manner not inconsistent with this decision. It is ordered that appellants' pay court costs of this appeal.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

GEORGE M. GLASSER, J.
Concur.

Prior to his death, JUDGE JOHN J. CONNORS, JR., did participate in the decision-making process of this case.