JOHN BURKE *vs.* STEPHEN D. HODGE & another.
LUIGI PERONE *vs.* SAME.
JOHN DOMEO *vs.* SAME.

Middlesex.   January 14, 1914. — February 28, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Proximate cause.  *Joint Tortfeasors.  Practice, Civil,* Conduct of trial: argument to jury.

In an action by a workman against the members of a firm of contractors for injuries sustained from the falling on the plaintiff of a cellar wall in process of construction, upon the trial of the issue, whether the negligence of the defendants in making concrete for the part of the wall which fell was a contributing proximate cause to the accident, it was *said,* that on the evidence presented the plaintiff's counsel had a right to argue to the jury that the concrete was mixed in a negligent manner by the defendants and as to "the results which might be expected to follow from such mixing," in order to show that the falling of the wall was a result which naturally would follow and reasonably should have been expected to follow from such mixing; although the statement in the bill of exceptions of the exception to the exclusion of this argument by the presiding judge was so meagre that the court might have hesitated to order a new trial for this reason, had not material and serious error been shown in the judge's instructions to the jury.

In an action against the members of a firm of contractors for injuries sustained from the falling on the plaintiff of a cellar wall in process of construction, upon the trial of the issue, whether the negligence of the defendants in making concrete for the part of the wall that fell was "a contributing proximate cause to the accident," where, besides evidence in regard to negligent mixing of the concrete, there is evidence that another firm of contractors had been negligent in removing too soon the forms that held the concrete in place, the plaintiff is entitled to have the issue found in his favor and to hold the defendants, although the accident would not have happened without the negligence of the other firm in removing the forms, if he shows that the accident would not have happened without the negligence of the defendants in mixing the concrete, and that each of these different negligences was a proximate cause of the accident, which was due directly to their combined effect.

THREE ACTIONS OF TORT, against the members of the firm of Hodge, Kerr and Company, each to recover for personal injuries suffered by reason of the falling upon the plaintiffs of a cellar wall in process of construction in Waltham.  Writs dated in the first case June 23, 1909, and in the second and third cases April 4, 1910.

The cases first were tried, together with three other cases

brought by the same plaintiffs against the members of the firm of McArthur Brothers, before *Wait*, J., who ordered verdicts for the plaintiffs. The defendants alleged exceptions. By a decision of this court, reported in 211 Mass. 156, the exceptions in the three cases against the members of the firm of McArthur Brothers were overruled, and the exceptions in the three cases against the members of the firm of Hodge, Kerr and Company were sustained; but it was ordered that the seventeen answers of the jury were to stand unless the Superior Court should determine, within sixty days after the rescript, that justice required a new trial upon issue 4, and that, if it should so determine, then that issue might be modified to read: "Was the negligence of Hodge, Kerr and Company in making concrete for the part of the wall which fell a contributing proximate cause to the accident?"

The Superior Court having ordered a new trial of the three cases against the members of Hodge, Kerr and Company upon this issue, the issue was tried before *Lawton*, J. The evidence is described sufficiently in the opinion.

"The attorney for the plaintiffs Perone and Domeo attempted to argue to the jury the question of the manner in which the concrete was mixed, also with regard to the constituent parts thereof and with regard to the results which might be expected to follow from such mixing, but the court refused to allow him to so argue, to which exceptions were duly taken by said plaintiffs Domeo and Perone."

At the close of the judge's charge the plaintiffs excepted to the portions of it relating to proximate cause, including the sentences which are quoted in the opinion.

The jury answered the issue in the negative; and the plaintiffs alleged exceptions.

*P. J. Duane & J. G. Wright*, for the plaintiffs.

*H. R. Bygrave*, for the defendants.

SHELDON, J. After the decision reported in 211 Mass. 156, and in accordance with the direction therein given, these cases were tried anew in the Superior Court on the single issue whether the negligence of the defendants in making concrete for the part of the wall which fell was a contributing proximate cause of the accident. The other findings made at the former trial remained in full force, and the facts involved in those findings were not in dis-

pute. The question for the jury was simply whether one of the proximate causes of the falling of the wall was the negligence of the defendants in mixing the concrete.

As bearing upon this issue, the plaintiffs' counsel could argue to the jury the question as to the manner in which the concrete was mixed by the defendants and as to "the results which might be expected to follow from such mixing," in order to show that the falling of the wall was a result which naturally would follow, and reasonably should have been expected to follow, from such mixing. The statement of the bill of exceptions, however, is meagre, and we might hesitate, if this were all, to say that it showed such error on the part of the judge as to call for a new trial. But we need not determine this question.

The instructions given to the jury required them, in order to answer the issue affirmatively, to find that this negligence of the defendants was the sole efficient cause of the accident. The judge said that the question was whether this was the real cause, the compelling cause, of the accident. He told the jury that the answer to the issue should be "No," if there was intervening negligence of McArthur Brothers without which the wall would not have fallen. And after his charge had been finished, when his attention was called to this matter, he further said to the jury: "You must find that the wall fell because of the negligent mixing and [that] it would have fallen as and when it did if the braces, the forms, had not been removed." This was too stringent a rule. It was enough for the plaintiffs to show that the falling of the wall was due to the combined effect of the negligence of the defendants in mixing the concrete and of that of McArthur Brothers in removing the forms. *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575, 580, *et seq.* *Bagley* v. *Wonderland Co.* 205 Mass. 238, 245, 246. *D'Almeida* v. *Boston & Maine Railroad*, 209 Mass. 81, 87. *Hunt* v. *New York, New Haven, & Hartford Railroad*, 212 Mass. 102, 107, 108. *Brown* v. *Thayer*, 212 Mass. 392, 397. *Dickey* v. *Willis*, 215 Mass. 292, 293. The plaintiff was entitled to have the issue found in his favor and to hold the defendants, although the accident would not have happened without the negligence of McArthur Brothers, if it also appeared that it would not have happened but for the negligence of the defendants which has been stated and that each of these different acts of negligence was a proximate cause of the accident, in

the sense that the accident was directly due to the combined effect of these two causes and not merely to the negligence of McArthur Brothers.

*Exceptions sustained.*