**MICELLI, Admr., Plaintiff-Appellee, v. HIRSCH, et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20975.· Decided November 1, 1948.

Nicola & Marsh, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendants-appellants.

## OPINION

By HUNSICKER, J.

This is an apeal on questions of law from a judgment rendered on the verdict of a jury in favor of Mary Micelli,. administratrix of the Estate of Leo Micelli, deceased, appellee herein, against claimed joint tort feasors, Albert T. Hirsch and Darrah L. Bailey, appellants herein, for the wrongful, death of Leo Micelli.

About 6:30 A. M. on November 22, 1944, appellant Albert T. Hirsch was driving west on the north side travel portion of Harvard Avenue in Cleveland, Ohio. This highway is 56½ feet wide with an asphalt travel lane on the north and south. sides separated by a 20 foot untravelled dirt strip. The morning was dull, dark, misty with some snow in the air. The appellee's decedent, Lee Micelli, was a pedestrian on the same north travel portion. The record is not clear as to whether he was walking along the road or attempting to cross it. Hirsch, driving about 31 mlies per hour with his headlights. lit, saw Micelli when about two car lengths from him. Hirsch. then struck Micelli with the left front fender of his automobile tossing him up onto the hood from which Micelli slid off onto the roadway with his head about two feet north of the dirt center strip and his body extending to the north. The distance from the impact with Micelli to the place where the body lay was fifty feet. Hirsch proceeded a distance of about twenty feet and to the right curb, got out of his car and before an effective signal could be given, appellant Darrah L. Bailey, who was driving behind Hirsch, ran over the prostrate body of Micelli who was pronounced dead on his, being taken to a hospital. The coroner testified that the probable cause of death was fracture of the skull, hemorrhage of the brain and internal injuries and that any one of these could have caused death.

There were no eye witnesses to the first striking of Micelli. except Hirsch and none to the second striking except Hirsch. and Bailey.

Hirsch and Bailey were sued as joint tort feasors and from the judgment against them, this appeal is taken in which: many assignments of error are claimed but only three questions do we need to discuss—to wit:

1. Was there a misjoinder of parties defendant?

2. Did the rule of conduct to stop in the assured clear distance ahead apply to:

   (a)   Hirsch?

   (b)   Bailey?

3. Did the court properly charge the jury on the issues presented?

As to the first question of misjoinder, the law of Ohio is difficult to state in simple terms. The facts of each case must be carefully investigated to determine whether a joinder of defendants is permissible. Courts are becoming more liberal in allowing tort feasors to be joined as defendants in a single action. The former requirement that before tort feasors may be joined there must be a common intent, common duty and joint action has been liberalized until in the latest analysis on this subject in **Larson v. Cleveland Railway Co., 142 Oh St 20,** we find the rule now stated to be:

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole."

There is no question here of persons acting in concert. There was independent action, but was it concurrent? Synonyms for the word "concurrent" according to Webster's New International Dictionary are: "Meeting, uniting, accompanying, conjoined, associated, united."

Thus, if the independent wrongful action of each defendant united to cause a single injury, then the joinder is proper. One of the claimed acts of negligence of Hirsch was in failing to see Micelli in the roadway in time to avoid striking him. One of the claimed acts of negligence of Bailey was in failing to see Micelli in the roadway where the act of Hirsch had placed him. We must assume that life continued until Micelli was found to be dead.

Until Micelli was found to be dead there was no way to distinguish the injuries he received when struck by Hirsch from those which he received when his body was run over by Bailey. The wrongful acts were not simultaneous but they were associated and a jury under proper instructions could well find that these accompanying acts concurred in producing the death of Micelli.

There was on indivisible injury—the death of Micelli and the claimed negligent act of both produced the result.

Our attention has been called to conflicting opinions in Ohio on similar situations—viz: **Hudson v. Ohio Bus Lines Co. 56 Oh Ap 483** and **Dash v. Fairbanks, Morse & Co., 49 Oh Ap 57.**

The analysis of the reason for joinder of tort feasors in the Dash v. Fairbanks, Morse & Co. case is more persuasive in view of the pronouncement in the Larson case, supra.

A similar factual situation arose in the case of Frye v. The City of Detroit, 256 Mich. 466, 239 N. W. 886 in which case the rule set out in the Larson case, supra, was criticized. We are compelled to follow the rule laid down in Ohio.

We find, therefore, no prejudicial error in permitting a joinder of the parties defendant.

The next question to which we direct our attention is; Was the issue of stopping within the assured clear distance ahead properly before the jury (a) as to Hirsch; (b) as to Bailey?

**Sec. 6307-21 (a) GC** says in the parts applicable herein:

"* * *, no person shall operate a motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

When we examine the testimony of Hirsch, we find that he first saw Micelli when he, Hirsch, was about two car lengths or approximately 20 feet away from him. At that time Hirsch did not know if Micelli was attempting to cross Harvard Avenue or was walking along Harvard Avenue on the south edge of the north travel portion.

Certainly, Micelli was then a discernible object on the highway. Why Hirsch did not see Micelli before cannot be known, but it may be that he was not looking or that the condition of the morning prevented his seeing the road a greater distance in front of his car. In any event, it was a proper matter to submit to the jury and no prejudicial error intervened on this subject with respect to Hirsch.

As to Bailey, the question is; Was the body of Micelli a discernible object which he was bound to see lying in the highway? The assured clear distance rule, directs as an absolute rule of conduct, that a person shall not drive his motor vehicle on a public highway "at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Glasco v. Mendelman, 143 Oh St 649 at 653.

Kormas v. Cleveland Retail Credit Men's Co. 131 Oh St 471 at 474.

The object which obstructs traffic must be discernible before the statute can apply. This should not mean an object which Bailey did see but an object which Bailey should and could have seen if he was operating his motor vehicle in the manner required by law.

Bailey testified that he first saw Hirsch's automobile 500 feet ahead at which time he, Bailey, was using his driving lights, that he proceeded to drive in the lane the Hirsch car was in until 50 feet from it when he swerved to the left to pass the Hirsch car, which Bailey saw was parked near the curb. Immediately thereafter Bailey passed over the body of Micelli.

When Bailey pulled to the left 50 feet behind the Hirsch car even at a reduced speed, which up to that time was 30 miles per hour, there was no sudden emergency of an object coming into his line of travel, instead there was a static object, a body five feet six inches in length and weighing 130 pounds lying on the ground only a little over one second, in point of time, away from him which he did not see and could not see, not because it was not able to be seen but because when Bailey moved from his line of travel, he did so at a rate of speed that prevented him from seeing what he should have seen.

When Bailey moved his automobile from one lane of travel to the other, he was under the same obligation to obey the assured clear distance rule as he was when proceeding behind the Hirsch automobile. No sudden emergency appeared, except of his own making, when he chose a new line of travel in which to proceed forward.

The issue was properly submitted as to Bailey.

The next question to which we direct our attention is to certain requested charges before argument and the charge to the jury as given by the court.

Appellant, Hirsch, in his request to charge before argument No. 6 placed upon himself only the duty to exercise ordinary care to avoid striking Micelli. In the case of **Bush v. Harvey Transfer Co., 146 Oh St 657 at 664,** the court say:

"Since the failure to comply with the provisions of a safety statute constitutes negligence per se, a party guilty of the violation of such statute cannot excuse himself from compliance by showing that 'he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances.' "

The failure to comply with the assured clear distance statute muse be something that would make it impossible to comply therewith. The refusal to give the requested charge was therefore proper.

The court in his general charge said to the jury:

"* * * there are three principal questions which you are to determine.

The first question is: Was **either or both** of these defendants negligent in any one of the specifications alleged in the Petition, and as I have already read these specifications of negligence and cautioned you that the fifth has been withdrawn, you consider them in the light of the law which I am about to expound to you.

The second issue is: If the defendants, **or either of them,** were negligent in any one or more of these respects, was such negligence upon their part, **or either of them,** the direct and proximate cause of the injuries suffered by plaintiff's decedent from which death resulted? And in this connection I say to you that it would not be necessary for the plaintiff to prove all of the specifications of negligence. It would be sufficient if she proved any one single specification of negligence.

The third section of this lawsuit is: If the defendants, **or either of the defendants,** was negligent, was the plaintiff's decedent also guilty of negligence, which negligence upon his part directly contributed to produce the injuries which he suffered and which resulted in his death? In other words, was the plaintiff's decedent guilty of contributory negligence?

Now, then, considering the first part of this lawsuit which I have outlined to you; namely, were the defendants, **or either of the defendants,** negligent, you must be informed what is meant by negligence within the meaning of the law." (Emphasis ours.)

Thereafter, the court charged:

"* * * if the wrongful conduct of one, coupled with that of the other brought about the result complained of, they would both be liable or joinable in an action for damages.

So that it might be said that where separate and independent acts of negligence of the two parties are the direct cause of a single injury to a deceased and it is impossible to determine in what proportion each contributed to the injury, **either or both** responsible for the whole injury; and this **although his not alone might not have caused the entire injury, nor without fault on his part the same damage would have resulted from the act of the other.**

Now, you are the sole judges of the facts in this case. With the facts this Court has nothing to do. That is your province exclusively. It is for you to say whether the defendant Bailey was negligent, and whether they were both negligent." (Emphasis ours.)

and again the court charged:

"The burden of proving that these defendants were negligent is upon the plaintiff and she must prove it by the preponderance of the evidence."

and again the court charged:

"Now, as I have outlined to you, two defendants are concerned in this case. It will be incumbent upon you to determine whether both were guilty of negligence or only one was guilty of negligence and whether the other was not guilty of negligence, and that is important because the rights of the parties are in question here. And so, if you should determine that Hirsch was guilty of negligence and that Bailey was not guilty of negligence you would let your verdict respond to that finding. If, on the contrary, you find that Bailey was guilty of negligence and that Hirsch was not, you would have your verdict respond to that finding; or should you determine that both parties were guilty of negligence, your verdict should say that."

Except in a special request to charge before argument wherein the court said:

"I say to you that it is the law that if you find by a preponderance of all of the evidence that the defendant, Darrah L. Bailey, was not negligent at the time in question in the driving of his automobile in considering all the evidence and circumstances then existing in respect to the accident, your verdict herein should be in his favor regardless of any other consideration."

There was nowhere in the charge of the court a clear differentiation of the liability of Hirsch and Bailey. The statement of questions for the jury to answer given in the first part of the charge indicated that if either defendant was guilty of negligence then both were liable. The statement which followed it concerning the liability of each defendant was inconsistent with the explanation first given and coupled with a failure to clearly state the responsibility of each defendant was misleading and prejudicial to the rights of these defendants.

The failure of the court to clearly state the responsibility of each defendant taking the charge as a whole requires a reversal of the judgment.

We have examined all other claimed errors and find none prejudicial.

The judgment is reversed and the cause remanded to the trial court for a new trial.

HURD, PJ, concurs; SKEEL, J, concurs in that part of the opinion which reverses the cause for the reason that the charge of the court did not define the issues and dissents from the rest of the opinion for the reason that the parties defendant were improperly joined.