*479
 
 Hart, J.
 

 The Court of Appeals held that there was sufficient evidence of negligence on the part of the defendant to take the case to the jury on that issue, and this court is in accord with that view. The Court of Appeals took the view also that, although
 
 “a
 
 presumption of negligence does not arise from the mere fact that a collision occurred”
 
 (Pitt, Admx.,
 
 v.
 
 Nichols,
 
 138 Ohio St., 555, 37 N. E. [2d], 379), and that “neither negligence nor contributory negligence is presumed
 
 [Bush, Admr.,
 
 v.
 
 Harvey Transfer Co.,
 
 146 Ohio St., 657, 669, 67 N. E. (2d), 851], * * * the evidence discloses circumstances from which a rational conclusion might be drawn that the defendant violated the ‘assured-clear-distance-ahead’ provision which constitutes negligence per se
 
 [Tresise
 
 v.
 
 Ashdown, Admr.,
 
 118 Ohio St., 307, 160 N. E., 898, 58 A. L. R., 1476]. ’ ’ That court in its opinion also made the pertinent observation that “situations may arise and collisions may occur under circumstances which provide a legal excuse to the person charged with the violation of the statute, but in order to avoid the legal imputation of negligence per se, the motorist must establish that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible
 
 (Hangen, a Minor,
 
 v.
 
 Hadfield,
 
 135 Ohio St., 281, 20 N. E. [2d], 715;
 
 Smiley
 
 v.
 
 Arrow Spring Bed Co.,
 
 138 Ohio St., 81, 87, 33 N. E. [2d], 3).”
 

 The facts in this case are substantially undisputed. The defendant’s car collided head on with the side of plaintiff’s car and he made no claim in his answer nor did he elicit by evidence that his assured clear distance ahead was cut off by circumstances over which he had no control. Plaintiff’s petition charged the defendant with a violation of the statute, and, although the defendant denied negligence generally, he made no af
 
 *480
 
 firmative defense, by way of excuse, for Ms colliding-with plaintiff’s car and did not offer himself as a. witness in his own defense. Under the evidence, the-negligence of the defendant was clearly shown and the case should have gone to the jury for award of' damages, unless there were other grounds upon which the court could properly have directed a verdict for the-defendant.
 

 There remained for consideration the question whether there was concurrent negligence of Herbig and the defendant, which was the proximate cause of the injuries to the plaintiff and the damage to her car,, and, if so, whether the release which she gave to Her-big effected the discharge of the defendant.
 

 The Court of Appeals took the view that those issues-were for the jury. This court, however, under the undisputed testimony, takes the view that the trial court was warranted in resolving them in the affirmative as a matter of law, and properly directed a verdict for the defendant.
 

 In her reply to defendant’s answer setting up concurrent negligence and unconditional release of Her-big, the plaintiff denies that “Herbig was jointly and concurrently negligent with the defendant above named, Robert Halloran, in causing the injuries and damage complained of in her amended petition, but says that the injuries and damage complained of * * * took place after the occurrence with said Kent Herbig, and had no connection whatever therewith * * However, the facts show otherwise. Herbig’s driving across the traffic lane into the rear end of plaintiff’s car turned it around directly across the southerly traffic lanes so that it completely blocked the overtaking traffic lane from the west next to the center line on the bridge and placed plaintiff and her car in a most dangerous .position with reference to oncoming traffic from
 
 *481
 
 the west. In fact, because of the position in which her car had been placed by the negligent driving of Herbig, resulting in the first collision, the plaintiff deemed it necessary to recite in her petition the facts relating to the Herbig collision and the resultant position of-her car, in order to avoid the imputation to her of negligence. From the undisputed evidence it is clear that the second collision would not have occurred if plaintiff’s car had not been placed in a hazardous position by the first collision. That Herbig contributed to the second collision is demonstrated by the application of the premise that consequences are in fact caused by a course of conduct if they would not have happened but for the conduct in question.
 
 Heiting
 
 v.
 
 Chicago, R. I. & Pac. Ry. Co., 252
 
 Ill., 466, 96 N. E., 842, Ann. Cas. 1912D, 451;
 
 Camp
 
 v.
 
 Wilson,
 
 258 Mich., 38, 241 N. W., 844; 20 California Law Review, 396.
 

 Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence in producing a single indivisible injury. Here, the consequence of Herbig’s negligence — the placing of plaintiff’s car in a zone of danger — concurred with the negligence of the defendant in driving his car into plaintiff’s car so misplaced, and thus the combined negligent acts of Herbig and the defendant, occurring so close in point of time as not to break the chain of causation, concurred in point of consequence to injure plaintiff and further damage her car.
 

 In the case of
 
 Burke
 
 v.
 
 Hodge,
 
 217 Mass., 182, 104 N. E., 450, the negligence of an earlier wrongdoer remained a dangerous force until the negligence of a later wrongdoer combined with it to cause injury. The court held that the wrongdoers were concurrent tortfeasors and that their negligence was the proximate cause of injury to the plaintiff. See, also,
 
 Sawdey
 
 v.
 
 *482
 

 Producers’ Milk Co.,
 
 107 Cal. App., 467, 290 P., 684.
 

 The plaintiff herself treated the defendant and Her-big as concurrent tort-feasors. The fact that she accepted from Herbig, in settlement with him, a sum of money greatly in excess of the amount representing the damage done to her car in the first collision estops her from claiming that he was not concurrently responsible and liable with the defendant for the damage done in the second collision. In the opinion of this court, the undisputed evidence shows that Herbig and the defendant were concurrent tort-feasors as to the second collision with plaintiff’s car.
 

 Assuming that Herbig and defendant were concurrent tort-feasors, the fact that Herbig paid to the plaintiff a sum much larger than that represented by the amount of damage done by him in the first instance, coupled with the fact that in connection with such settlement the plaintiff executed to.him a general and unqualified release without the reservation of any rights against another person, which is clearly shown by the evidence, precludes plaintiff’s recovery from the defendant. An absolute unqualified release in full satisfaction and discharge of one or more of several joint or concurrent tort-feasors, answerable for a single injury, implies the receipt of full satisfaction for the injury sustained and for that reason is a release of all such tort-feasors, unless such release contains an express reservation of the right to pursue other of such tort-feasors than those so released.
 
 Adams Express Co.
 
 v.
 
 Beckwith,
 
 100 Ohio St., 348, 126 N. E., 300;
 
 Cleveland Ry. Co.
 
 v.
 
 Nickel, a Minor,
 
 120 Ohio St., 133, 165 N. E., 719;
 
 Tanner
 
 v.
 
 Espey,
 
 128 Ohio St., 82, 190 N. E., 229;
 
 Davis, Admx.,
 
 v.
 
 Buckeye Light & Power Co.,
 
 145 Ohio St., 172, 61 N. E. (2d), 90.
 

 Payment by one concurrent tort-feasor for his release from the injured person, even though not in full
 
 *483
 
 payment of the damage suffered but only in full payment of the claim of the injured person against him, operates to relieve from liability other concurrent tortfeasors likewise liable for the same tort, unless the injured person reserves the right to pursue such other concurrent tort-feasors for the remainder of his damage.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Matthias, Sohngen and Stewart, JJ., concur.-
 

 Wbygandt, C. J., Turner and Zimmerman, JJ., dissent.