CLAUSS ET AL., APPELLANTS, *v.* FIELDS ET AL., APPELLEES.

[Cite as Clauss v. Fields (1971), 29 Ohio App. 2d 93.]

(Nos. 3624 and 3625—Decided August 9, 1971.)

Mr. Jacob L. Deutsch, for appellants.

Messrs. Altick, McDaniel & Radabaugh, Mr. Francis S. McDaniel, Messrs. Curtner, Selva, Parkin & Seller, Mr. William H. Selva, Messrs. Young & Alexander and Mr. Robert C. Alexander, for appellees.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County wherein the plaintiffs, Fred J. Clauss and Mildred Clauss, sought damages for personal injuries allegedly sustained in a multiple-car collision as the result

of the negligence of the defendants, Walter Nelson Fields, Miami Valley Dodge, Inc., and Harry Carl Gutheil.

The trial court directed a verdict in favor of the defendant Fields and a jury returned verdicts in favor of the defendants Miami Valley Dodge, Inc., and Harry Carl Gutheil. The present appeal is from an order of the trial court overruling plaintiffs' motions for a new trial and for judgment notwithstanding the verdicts.

On December 10, 1965, at about 2:30 p. m., the plaintiff Fred Clauss was proceeding in a southwardly direction in the left southbound lane on Kettering Boulevard in an automobile owned and occupied by his wife, Mildred Clauss. At the time, Gutheil was following the Clauss automobile, and Fields was proceeding behind Gutheil.

A vehicle operated by one Ronnie Todd, an employee of Miami Valley Dodge, overtook and passed the Clauss automobile in the right lane and, at some point near where the accident occurred, turned into the left lane ahead of the Clauss automobile, and then attempted to turn left into a private driveway when a collision occurred involving the automobiles being driven by Todd, Clauss and Gutheil. Thereupon, the defendant Fields turned to the right, and when about half in the left lane and half in the right lane of Kettering Boulevard, struck the Clauss automobile which was at that time sideways in the highway with its rear across the centerline as a result of the original collision. At the time of the successive collisions, the black-topped surface of the highway was wet and slippery.

In the present appeal, the plaintiffs have set forth 19 assignments of error. The alleged errors are not argued seriatim, and the blanket approach taken herein by the plaintiffs does not cover many of them.

However, the principal assignment of error relates to the action of the trial court in directing a verdict in favor of the defendant Fields at the close of the plaintiffs' evidence, and after exploring a number of legal theories, we have been unable to find evidence to support or justify the dismissal of the defendant Fields. There is substantial evidence in the record that the defendant Fields was in

violation of the assured-clear-distance statute, and thus negligent per se, and it is manifest, in our opinion, that the evidence upon the issue of contributory negligence will not serve as justification for the direction of the verdict. In fact, the defendant Fields admitted that the Clauss car "was sitting in a position facing east" when he first saw it, and that he had sufficient room to pass in the right lane if he had not skidded into the left-rear side of the Clauss automobile. Furthermore, Clauss's position, at that point, was not of his own making, but depended rather upon the order of contact of the other vehicles in the accident, and the trial court, in overruling motions for a directed verdict submitted by the other two defendants apparently concluded that this was essentially a factual determination. By the same token, Clauss was not necessarily responsible for his involuntary position in what later proved to be a zone of danger.

In this court, the defendant Fields has departed from the argument based upon contributory negligence submitted in support of the motion in the trial court, but relies rather upon the contention that Fields' negligence was not a proximate cause of the plaintiffs' injuries.

In the case of *Garbe* v. *Halloran* (1948), 150 Ohio St. 476, which has characteristics similar to those of the present case, the Supreme Court said:

"1. Concurrent negligence consists of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.

"2. Where the negligence of an earlier wrongdoer remains a dangerous force until the negligence of a later wrongdoer concurs and combines with it to cause injury, the wrongdoers are concurrent tort-feasors and their combined negligence becomes the proximate cause of the injury."

The definition of concurrent negligence, formulated in the *Garbe* case, was more recently recognized in the case of *Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213. See, also, *Hardware Mutual Casualty Co.* v. *Peroz* (1958), 110

Ohio App. 390; *Shawd* v. *Donohoe* (1954), 97 Ohio App. 252; *Prok* v. *Cleveland* (1951), 60 Ohio Law Abs. 515; *Micelli* v. *Hirsch* (1948), 52 Ohio Law Abs. 426.

If the defendant Fields was negligent, which negligence caused injuries to the plaintiffs, combining with other injuries sustained in the same accident caused by the negligence of the other defendants, all are joint tort-feasors and liable for full damages. The rule recognized by a majority of courts is that where the negligence of two or more persons concurs to produce a single indivisible injury, such persons are jointly and severally liable, and this is the prevailing view in Ohio. *Garbe* v. *Halloran, supra* (150 Ohio St. 476); *Wery* v. *Seff* (1940), 136 Ohio St. 307. See, also, 100 A. L. R. 2d 16; *Maddux* v. *Donaldson* (1961), 362 Mich. 425, 108 N. W. 2d 33.

Neither the weight of the evidence nor the credibility of the witnesses is involved in ruling upon a motion for a directed verdict, and in applying these, as well as the other fundamental principles which attend such a motion, we are satisfied from the evidence that the motion by the defendant Fields at the conclusion of the plaintiffs' case should have been overruled. Accordingly, this assignment of error is well made.

In seeking a reversal of the judgment of the trial court, the plaintiffs have also given some priority to the contention that error intervened when the following special instruction was submitted to the jury:

"I charge you as a matter of law that it has been stipulated by plaintiffs' counsel that Mildred Clauss was the titled owner of plaintiffs' automobile and under the evidence in this case the negligence of Fred Clauss, if any, would be binding upon and chargeable to Mildred Clauss."

Ordinarily, where the owner of a motor vehicle being driven by another is an occupant thereof, a rebuttable presumption arises that the owner has control over it and that the driver is acting as his agent in operating the vehicle. *Ross* v. *Burgan* (1955), 163 Ohio St. 211. Hence, in the absence of any evidence to rebut such presumption, the negligence of the driver in operating the motor vehicle is

imputable to the owner riding therein. *Griffith* v. *Rutledge*, (1959), 110 Ohio App. 301.

However, title ownership does not conclusively establish the right to control an automobile, and where the evidence is such that reasonable minds might differ as to whether an owner-passenger had the right of control at the time of injury, the question of agency becomes one for the jury to determine. In other words, it is within the province of the jury to decide whether a presumption has been rebutted by countervailing proof. 52 Ohio Jurisprudence 2d 585, Trial, Section 94. See, also, *Griffith* v. *Rutledge*, *supra*.

The evidence presented in the present case discloses that Fred and Mildred Clauss selected the car when it was new in 1959, and that it was, for almost all intents and purposes, their family automobile. On the day of the accident, Fred Clauss had driven to the offices of the Dayton Daily News to pick up his son and was returning to the Clauss home when the collision occurred. Mildred Clauss testified that she merely tagged along for the ride and made no suggestions as to the chosen route.

The testimony reveals further that Mrs. Clauss did not know how to drive and had never had a driver's license in her life. She testified that she knew very little about an automobile and that her physical condition prevented her from getting behind the wheel of the motor vehicle. Apparently Fred Clauss had supervised the maintenance of their car and had taken it to a garage in Miamisburg a short time before the accident for repairs in preparation for a trip to Florida.

In contemplation of the usual agency relationship, did Mildred Clauss have the right to control Fred Clauss? While it is difficult in any case, as an evidentiary matter, to disengage the "right to control" from title ownership of a motor vehicle, we are of the opinion that the evidence in this case was such as to preclude the determination of the issue as a matter of law. Hence, the subject instruction, in the form submitted to the jury, was erroneous.

For a lack of specificity in presentation and argument, the other errors assigned herein will be overruled, but for

98

the reasons set forth, the judgment must be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.