NORRIS, APPELLEE, *v.*
BABCOCK & WILCOX CO. ET AL.,
APPELLANTS.

(No. 13423—Decided
May 25, 1988.)

*Robert P. Sweeney* and *Robert E. Sweeney,* for appellee.

*Richard Davies* and *Michael Kristoff, Sr.,* for appellants.

MAHONEY, J. Appellant, Babcock & Wilcox Co. ("B & W"), appeals from a judgment of the Summit County Court of Common Pleas awarding appellee, Dorothy Norris, survivorship benefits under the workers' compensation statutes. We affirm.

### Facts

From 1948 to 1983, Dorothy's husband, Robert, was employed at B & W in various capacities. During his employment, Robert was exposed to airborne asbestos. In 1982, Robert learned that he had cancer of the larynx. At this point, Robert gave up his twenty-year habit of cigarette smoking. Robert's cancer spread throughout his body and, thus, Robert died in 1983.

Dorothy applied for survivorship benefits under the workers' compensation statutes. After the Industrial Commission of Ohio denied Dorothy's survivorship benefits, Dorothy appealed this determination to the Summit County Court of Common Pleas. Following a jury trial, it was the judgment of the trial court that Dorothy was entitled to survivorship benefits. This appeal followed.

### Assignments of Error

"I. The trial court erred in failing to grant defendant-appellant's motion for directed verdict.

"II. The trial court erred in failing to grant defendant-appellant's motion for judgment notwithstanding the verdict and for a new trial.

"III. The trial court erred in admitting plaintiff-appellee's expert medical testimony."

Cancer of the larynx is not a specified occupational disease included in former R.C. 4123.68. Therefore, in order for Dorothy to recover survivorship benefits, Robert's cancer of the larynx must be determined to be an unspecified occupational disease pursuant to former R.C. 4123.68(BB). The test for determining whether a disease is an unspecified occupational disease was set out by our Supreme Court in *State, ex rel. Ohio Bell Tel. Co.,* v. *Krise* (1975), 42 Ohio St. 2d 247, 71 O.O. 2d 226, 327 N.E. 2d 756, syllabus, as follows:

"An occupational disease is compensable under R.C. 4123.68(BB) where the following criteria exist:

(1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally."

The facts adduced at trial in the instant case were uncontroverted. B & W's defense was that it was Robert's smoking which proximately caused the cancer and not the working environment. Thus, the outcome of the trial hinged on whether the jury found Dorothy's expert or B & W's expert more credible. It was Dorothy's expert's opinion that based on a reasonable degree of medical probability:

"A. I believe that the exposure, extensive exposure to asbestos as described by you was clearly a contributing cause to the development of the cancer of the larynx that he ultimately died from."

The problem of dual causation has been especially troublesome in occupational disease cases where the occupational disease is respiratory in nature and the decedent was a smoker. See 1B Larson, The Law of Workmen's Compensation (1987) 7-465 to 7-489, Section 41.64. Nonetheless, we find that the basic principles of proximate causation are applicable to dual causation of occupational diseases. *McAllister* v. *Workmen's Compensation Appeals Bd.* (1968), 69 Cal. 2d 408, 71 Cal. Rptr. 697, 445 P. 2d 313. In Ohio, when two factors combine to produce damage or illness, each is a proximate cause. *Carbe* v. *Halloran* (1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E. 2d 217; 1 Ohio Jury Instructions (1988), Section 11.10, at 183.

Upon review of the record, we find the evidence is sufficient to support a finding that Robert's exposure to asbestos was a proximate cause of his cancer. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578. The jury obviously placed more weight on Dorothy's expert's testimony than on B & W's expert testimony. Having crossed the proximate cause barrier, we find the facts of this case fit squarely onto the *Krise* test for finding an unspecified occupational disease.

### Summary

Accordingly, B & W's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.