**KOONS, Appellant,**

v.

**UNIVERSITY OF AKRON, Appellee.**

[Cite as *Koons v. Univ. of Akron* (1992), 82 Ohio App.3d 94.]

Court of Appeals of Ohio,
Summit County.

No. 15492.

Decided Aug. 19, 1992.

*Michael G. Christie,* for appellant.

*Lee Smith* for appellee.

_____

CACIOPPO, Judge.

Appellant, Joseph D. Koons, was employed by the appellee, University of Akron ("university"), from 1969 to May 10, 1988. On September 12, 1981, Koons began working in the heating/air conditioning department of the university. Koons left his employment on May 10, 1988 after experiencing recurrent breathing problems and on the advice of his physician. Koons filed a claim for workers' compensation benefits.

On August 28, 1989, the Regional Board of Review of the Industrial Commission allowed Koons' claim for hypersensitivity pneumonitis, a lung disease. The university appealed to the commission, which affirmed the order of the regional board. The university appealed to the Common Pleas Court of Summit County, pursuant to R.C. 4123.519. The trial court found in the university's favor, ruling that Koons had failed to establish causation between his employment and his lung condition.

Koons appeals, asserting three assignments of error.

### Assignments of Error

"I. The trial court erred to plaintiff-appellant's prejudice when it required, contrary to O.R.C. Section 4123.68, that he provide sampling or testing of his worksite to establish that he contracted his condition in the course of his employment.

"II. The trial court erred to plaintiff-appellant's prejudice when it construed the statements contained in the report of the expert industrial hygienist, in isolation from and without consideration of all of this expert's testimony at trial.

"III. The courts' [*sic*] finding, that plaintiff-appellant failed to establish a causal relationship between his disease and his employment, was against the manifest weight of the evidence."

As these assignments of error are interrelated, they will be addressed together.

As defined by R.C. 4123.68, an "occupational disease" is "a disease contracted in the course of employment, which by its causes and the characteristics of its manifestation or the condition of the employment results in a hazard which distinguishes the employment in character from employment generally, and the employment creates a risk of contracting the disease in greater degree and in a different manner than the public in general." As previously stated by this court:

" 'An occupational disease is compensable under R.C. 4123.68(BB) where the following criteria exist:

"[']( 1) The disease is contracted in the course of employment; (2) the disease is peculiar to the claimant's employment by its causes and the characteristics of its manifestation or the conditions of the employment result in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in a greater degree and in a different manner than in the public generally.' " *Norris v. Babcock & Wilcox Co.* (1988), 48 Ohio App.3d 66, 67, 548 N.E.2d 304, 305.

A review of the record in the case at bar indicates that Koons failed to establish a basic element of an occupational disease—that his lung condition was contracted arising out of and in the course of his employment. While the experts were able to identify hypersensitivity pneumonitis, they remained unable to identify the university's heating and cooling systems as the source of the disease. While Koons elicited testimony concerning this vital element, it is well recognized that the credibility of the witnesses and the weight of the evidence are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

Furthermore, we do not believe that the trial court required Koons to provide test results from his work environment. While the trial court indicated that this evidence would be invaluable in helping to establish the requisite causation, it in no way mandated such evidence for a finding in Koons' favor.

Accordingly, Koons' assignments of error are without merit and are hereby overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and COOK, JJ., concur.