DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Huron County Court of Common Pleas, which granted summary judgment in favor of appellee Troy Sword. Because we find that appellee's negligence, if any, was superseded by the negligence of a third-party, we affirm the decision of the trial court.
 {¶ 2} Appellant Tonya Hicks was the wife of Keith Hicks, who was killed in a car accident when his car collided with appellee's car.[1] Before the collision, appellee's car was at a complete stop while waiting to turn left into his driveway. Appellant alleges that appellee's wheels were turned to the left when appellee was so stopped. While appellee was stopped, Tamara Prelipp slammed into the back of appellee's car, forcing it into oncoming traffic from the opposite direction. Appellee's car collided with Keith Hicks' car, killing Mr. Hicks and causing injury to appellee. Though appellant sued various individuals and insurance companies, the only claim remaining for our review is the claim against appellee. Appellant alleges that appellee was negligent in having his wheels turned to the left while waiting to make a left-hand turn.
 {¶ 3} Appellee moved for summary judgment in the trial court, arguing that he did not breach any duty that he owed to Keith Hicks and that, in the alternative, his actions were not the proximate cause of Hicks' death. Appellee also sought an order striking appellant's expert affidavits, one from a commercial license examiner and one from an accident reconstructionist. The trial court granted appellee's motion for summary judgment but did not rule on his motion to strike. The trial court reasoned that, if even appellee was negligent in having his wheels turned to the left while waiting to turn, appellee's negligence was not the proximate cause of the accident because Prelipp's negligence was a superseding intervening cause. Specifically, the trial court held that one may rightfully assume that others will obey the law; therefore, Prelipp's negligence in slamming into the back of appellee's car was unforeseeable and broke the causal chain between appellee's alleged negligence and Hicks' death. Appellant now appeals, setting forth the following assignment of error:[2]
 {¶ 4} "The trial court erred in it's [sic] finding that Troy Sword is absolved from his negligence because of the negligence of a joint tortfeasor."
 {¶ 5} We review the trial court's ruling on the summary judgment motion de novo. Conley-Slowinski v. Superior Spinning
(1998), 128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998), 83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when she demonstrates: "that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. BikeAthletic Co. (1998), 80 Ohio St.3d 607, 617.
 {¶ 6} The issue is whether appellee is liable in negligence to appellant for having his wheels turned to the left. The elements of negligence are duty, breach of duty, and causation.Menifee v. Ohio Welding Prods. Inc. (1984), 15 Ohio St.3d 75,77. Essentially, the trial court found that even if appellee had a duty to Hicks and he breached it, the element of causation was not met because Prelipp's negligence superseded appellee's. The Ohio Supreme Court has explained that an intervening act of negligence by a third party becomes a superseding cause, thereby breaking the causal chain and absolving the original tortfeasor of liability, when the intervening act is foreseeable. See Kayv. Cascone (1983), 6 Ohio St.3d 155, 159-161, paragraph one of the syllabus. Generally, questions relating to intervening acts and superseding causes are questions to be resolved by the finder of fact. Id. at paragraph two of the syllabus; Leibreich v. A.J.Refrigeration, Inc. (1993), 67 Ohio St.3d 266, 269;Austermiller v. Dosick, Lucas App. No. L-01-1223, 2001-Ohio-2910, at ¶ 18, appeal denied (2002),95 Ohio St.3d 1438. The Ohio Supreme Court has held:
 {¶ 7} "Where the facts are such that reasonable minds could differ as to whether the intervening cause was a conscious and responsible agency which could have or should have eliminated the hazard, whether the intervening act or cause constituted a concurrent or superseding cause, and whether the intervening cause was reasonably foreseeable by the original party guilty of negligence, present questions for submission to a jury which generally may not be resolved by summary judgment. (Murdich v.Standard Oil Co., 153 Ohio St. 31, approved and followed.)"Cascone, 6 Ohio St.3d 155, paragraph two of the syllabus.
 {¶ 8} We take this to also mean that where reasonable minds could not differ on such questions, they may be decided as a matter of law. In fact, the Ohio Supreme Court has done so under certain circumstances. See Pendry v. Barnes (1985),18 Ohio St.3d 27, 29 (any negligence on the part of a car owner who left keys in the ignition and the car running was, as a matter of law, superseded by the acts of a person who stole the car and subsequently injured another in an accident).
 {¶ 9} In this case, the trial court held as a matter of law that Prelipp's negligence in rear-ending appellee was not foreseeable because one has the right to assume that others will obey the law. The trial court cited an Ohio Supreme Court case holding:
 {¶ 10} "One may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence." Swoboda v. Brown
(1935), 129 Ohio St. 512, paragraph eight of the syllabus.
 {¶ 11} We agree with the trial court's reasoning. We cannot see how reasonable minds could conclude that appellee should have foreseen that Prelipp would strike him from behind while he was lawfully stopped[3] on the road waiting to make a turn. This case is similar in important respects to Aretz v. Rue
(1995), 106 Ohio App.3d 605, discretionary appeal not allowed (1996), 75 Ohio St.3d 1411, in which the plaintiff was injured by an unsecured television set in his van that flew forward when the van was rear-ended. The court, citing Swoboda, held:
 {¶ 12} "In this case, Ramon Aretz was the victim of a rear-end collision. Even if we were to assume, for purposes of argument, that he was negligent in the way he secured the television set in his van, he was not legally obligated to anticipate that he would be the victim of a rear-end collision. The accident was entirely the fault of the appellee." Id. at 606-607.
 {¶ 13} The Aretz case involved a question of comparative fault and not intervening acts of third parties. However, the issue in Aretz and in this case is whether a driver should be held to anticipate that, while lawfully operating a car, another car will collide with him or her. We hold as a matter of law that such a collision is not foreseeable.
 {¶ 14} Appellant argues that Swoboda is not applicable because that case involved a question of contributory negligence, a doctrine no longer applied in Ohio. However, we see nothing in the Swoboda decision leading us to believe that it was meant to be limited to contributory negligence cases. The portion ofSwoboda that we rely upon is expressed in syllabus paragraph eight, and that paragraph does not limit the holding to contributory negligence situations. Moreover, we see no reason that this general proposition of law (that one may rightly assume that others will obey the law) should be limited to cases involving contributory negligence.
 {¶ 15} Appellant also argues that the instant case is analogous to Garbe v. Halloran (1948), 150 Ohio St. 476. InGarbe, the plaintiff was driving her car on a bridge when a man named Kent Herbig struck the rear of her car, causing her car to swing around and land partially in defendant's lane of travel. Five or six seconds later, defendant struck plaintiff's car. Plaintiff settled with Herbig, granting him an unqualified release of all claims arising out of the accident. The case proceeded against defendant. Plaintiff alleged that defendant was speeding and violating the assured-clear-distance statute. Defendant contended that plaintiff's release of Herbig discharged him (defendant) as well. Id. at 477-478.
 {¶ 16} The issue in Garbe was whether defendant and Herbig were concurrent tortfeasors and whether the release of Herbig released defendant as well. The court answered these questions affirmatively. Id. at 482. Unlike the instant case, however, the issue in Garbe had nothing to do with what one driver must anticipate or foresee of another. We therefore find Garbe
distinguishable. For all of the foregoing reasons, we find appellant's assignment of error not well-taken.
 {¶ 17} Further, in accordance with the parties' agreed entry of dismissal as to Protective Insurance Company filed on April 23, 2004, Protective Insurance Company is dismissed from this appeal.
 {¶ 18} Upon due consideration, the decision of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Judith Ann Lanzinger, J.,
Concur.
[1] Ms. Hicks' children also have claims against appellee. For ease of discussion, however, we shall refer to Ms. Hicks and her children as "appellant."
[2] Appellant's other two assignments of error relate to a dismissed defendant.
[3] Appellee was not cited with any violation of the law, and appellant did not, in the trial court, allege any violation of the law.