OPINION
{¶ 1} On November 9, 2000, plaintiff-appellant, Saul Mendoza Vargas, was a student at the Columbus Public Arts Impact Middle School, and was riding the school bus home after school. (Vargas Depo. at 13.) While a passenger on the bus, a stone was thrown from outside the bus, through an open window, hitting appellant in the left eye and causing permanent loss of sight. Appellant was sitting on the right side of the bus, and the bus was proceeding in the right curb lane of three lanes. (Vargas Depo. at 22; 27-28.) The stone was thrown from the left side of the bus, entered through an open window, passed a student sitting on the left side of the bus and hit appellant in the left eye. (Vargas Depo. at 21-22.)
 {¶ 2} Appellant, by and through his next friend and mother, filed an action against Columbus Public Schools and the Columbus Board of Education alleging negligence and failure to protect a child pursuant to R.C. 2929.22. Appellees filed a motion for summary judgment, which the trial court granted. Appellant filed a notice of appeal and raises the following assignments of error:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ITS APPLICATION OF THE SUMMARY JUDGMENT STANDARD IN GRANTING DEFENDANT COLUMBUS PUBLIC SCHOOL'S MOTION FOR SUMMARY JUDGMENT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT THE COLUMBUS SCHOOL BOARD'S DECISIONS RELATING TO A SCHOOL BUS ROUTE IS NOT RELATED TO THE "OPERATIONS OF A MOTOR VEHICLE" FOR THE PURPOSES OF THE R.C. § 2744.02(B)(1) EXCEPTION TO IMMUNITY FROM LIABILITY.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT PROVIDING TRANSPORTATION TO STUDENTS IS NOT A PROPRIETARY FUNCTION SUCH AS TO PROVIDE AN EXCEPTION TO IMMUNITY FROM LIABILITY UNDER R.C. § 2744.02(B)(2).
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT PLAINTIFF-APPELLANT'S ARE INJURIES NOT SUFFICIENTLY TRACEABLE TO A SCHOOL BUS DRIVER'S OPERATION OF A SCHOOL BUS SUCH AS TO INVOKE LIABILITY ON THE PART OF A SCHOOL SYSTEM.
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT THE "DIRECT CONSEQUENCES RULE" APPLIES IN THIS CASE TO AVOID LIABILITY ON THE PART OF A SCHOOL SYSTEM WHEN A PERPETRATOR THROWS A ROCK FROM OUTSIDE OF A SCHOOL BUS WHICH IS PROCEEDING ALONG A ROUTE KNOWN TO HAVE EXPERIENCED RECENT SUCH INCIDENTS.
 {¶ 3} The assignments of error are related and shall be discussed together. Appellant contends that the trial court erred in granting appellees' motion for summary judgment. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 8 O.O.3d 73,375 N.E.2d 46. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Williams v. First United Church ofChrist (1974), 37 Ohio St.2d 150, 151, 66 O.O.2d 311, 309 N.E.2d 924. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359, 604 N.E.2d 138.
 {¶ 4} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law.Murphy.
 {¶ 5} Former R.C. 2744.02(A)(1) provides a general rule of immunity to political subdivisions, as follows:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
 {¶ 6} School districts are classified as political subdivisions under R.C. 2744.01(F). The school bus driver was compensated by the school district and acting within the scope of her employment, she was an "employee" as defined in R.C. 2744.01(B). Thus, appellees are covered under R.C. 2744.02 and not liable for any alleged act or omission of the school bus driver or the school board unless an exception to the general grant of immunity applies pursuant to R.C. 2744.02(B).
 {¶ 7} Appellant contends that the exceptions provided in R.C.2744.02(B)(1) and (2) apply to these facts. R.C. 2744.02(B) provided at that time, as follows:
 (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when they are engaged within the scope of their employment and authority. * * *
 * * *
 (2) Except as otherwise provided in sections 3314.07 AND 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 {¶ 8} The determination of whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis. Bush v. Beggrow, Franklin App. No. 03AP-1238,2005-Ohio-2426, ¶ 17, quoting Colbert v. City of Cleveland (2003),99 Ohio St.3d 215, 790 N.E.2d 781.
 "The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or a proprietary function. * * * However, that immunity is not absolute." Colbert, at ¶ 7. "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." Id. at ¶ 8, 790 N.E.2d 781. "If any of the exceptions to immunity R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." Id. at ¶ 9, 790 N.E.2d 781.
 {¶ 9} Appellant contends that R.C. 2744.02(B)(1) applies in this case because courts have defined the operation of a motor vehicle as more than the mere act of driving the vehicle involved. Appellant argues that this exception to immunity is applicable because the bus driver had received repeated reports that stones had been thrown at the bus at the same location as this incident, yet the bus driver did not take any measures to safeguard the students, such as altering the route or reporting the incidents to the authorities. Appellant also contends that appellees failed to implement policies that would obligate a school bus driver to report potentially dangerous conditions to the school system management and then require management to correct such conditions. The trial court held that appellant's injuries were not caused by the negligent operation of a motor vehicle and therefore, the exception to immunity in R.C. 2744.02(B)(1) does not apply.
 {¶ 10} Appellant argues that the court in Groves v. Dayton Pub.Schools (1999), 132 Ohio App.3d 566, 725 N.E.2d 734, defined the operation of a motor vehicle as more than the mere act of driving the vehicle involved. In Groves, a school bus driver assisted Groves, a disabled minor child confined to a wheelchair to disembark a school bus equipped to transport children confined to wheelchairs, but he failed to secure Groves in her wheelchair, in violation of the rules and regulations established by the school system for the proper departure by physically handicapped children. As a result, Groves' hand was wedged in the wheel of her chair and she suffered injuries. The court inGroves found that the term "operation of a motor vehicle" was capable of encompassing more than the mere act of driving the vehicle. Assisting passengers on and off the bus was an integral part of the driver's operation of the school bus, including the operation of the ramp on the bus. Thus, R.C. 2744.02(B)(1) afforded an exception to immunity.
 {¶ 11} However, appellant's injuries in this case did not arise from the operation of the school bus, but, rather, appellant argues as a result of the bus driver refusing to alter the route or report the previous stone-throwing incidents to the authorities. In Sears v.Saul (Feb. 19, 1999), Montgomery App. No. CA17102, a child was killed while trying to cross a street to reach the bus stop. The plaintiff alleged that the school board placed the bus stop at an inherently dangerous location and was negligent in continuing to keep the bus stop at that location. The court found, that because the case was essentially based on the appellees' acts of officially locating, and possibly unofficially changing the bus stop location, "[t]he facts of this case are too narrowly confined, therefore, to embrace the `operation' of a motor vehicle under R.C. 2744.02(B)(1)." Id. These facts do not fit within the R.C. 2744.02(B)(1) exception to immunity for the operation of a motor vehicle.
 {¶ 12} The trial court found that the direct consequences rule applies to this case because the throwing of the rock was an intervening cause of appellant's injuries and a break in the chain of causation. Appellant argues that the bus driver's breach of duty to keep students safe by not reporting the previous rock-throwing incidents and continuing along the same bus route was a concurrent event with the throwing of the rock to cause appellant's injury.
 {¶ 13} In Doe v. Dayton City Sch. Dist. Bd. of Edn. (1999),137 Ohio App.3d 166, 171-172, 738 N.E.2d 390, the court found that an exception to immunity requires proof that the injury is a direct consequence of the employee's negligent operation of the motor vehicle. "Such direct consequences follow in sequence from the employee's acts or omissions in the vehicle's operation, without the intervention of any external forces that came into active operation at a later time or apart from it to cause the injury or loss alleged." The Doe court continued, as follows:
 The "direct consequences" rule is grounded in the doctrine of intervening cause. That doctrine relieves a party of liability when a break occurs in the chain of causation. A break will occur when there intervenes between an agency creating a hazard and an injury resulting therefrom another conscious and responsible agency that could or should have eliminated the hazard. Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 323, 58 O.O. 119, 130 N.E.2d 824. However, the intervening cause must be disconnected from the negligence of the first person and must be of itself an efficient, independent, and self-producing cause of the injury. Id. In contrast, a concurrent negligence, that is, one which concurs in point of consequence with the original negligence to produce the harm involved, does not cut off liability. Garbe v. Halloran (1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E.2d 217.
 {¶ 14} In this case, the rock flying through the window was an intervening, external force that caused the injury and constituted a break in the chain of causation.
 {¶ 15} Appellant also contends that R.C. 2744.02(B)(2) provides an exception to immunity because the appellees were transporting appellant, which was a proprietary function. Appellant argues that the facts of this case are most similar to the facts in Day v. Middletown-Monroe CitySchool District (May 1, 2000), Butler App. No. CA99-11-186. InDay, a sixteen year old student's bus stop was located where she had to cross a set of railroad tracks. While crossing the tracks, she was struck by a freight train and suffered serious injuries. The court concluded that "[t]he action of the school bus driver in transporting children according to the plan developed by the Board is a proprietary function." Id.
 {¶ 16} R.C. 2744.01(C)(1)(a) provides that governmental functions include obligations performed by political subdivisions voluntarily and pursuant to legislative requirement. R.C. 3314.09, 3327.01 and 3327.011
require that school boards provide transportation to school for students. In Doe, supra, at 170, the court held that, "[b]ecause the Board was required by law to provide transportation for Doe, the function of providing it was governmental, not proprietary, per R.C. 2744.01(C)(1)." Appellant cites the Twelfth District Court of Appeals inDay, as classifying transportation as a proprietary function; however, the Day court reversed its decision upon a motion for reconsideration and found that providing bus transportation to students was a governmental function entitled to immunity. See Day, supra. Thus, since appellants are required to provide transportation per statute, it is a governmental function entitled to immunity.
 {¶ 17} Thus, we find the trial court did not err in finding that appellees were entitled to immunity. For the foregoing reasons, appellant's five assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BROWN, JJ., concur.